IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| v. | : | 07-121 (CKK) |
| TYRONE WEST | : | |

**MOTION TO SUPPRESS TANGIBLE EVIDENCE
AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF**

Tyrone West, through his attorney, respectfully moves this Court, pursuant to the Fourth Amendment to the United States Constitution and the law of the District of Columbia, to suppress tangible evidence allegedly seized from the residence searched on March 2, 2007, since the evidence was seized under the authority of an invalid search warrant. Mr. West requests a hearing on this motion.

In support of this motion, counsel states:

1. Mr. West is charged with possession with intent to distribute both cocaine base and PCP, and with using, carrying and possessing a firearm during drug trafficking. The charges arise out of the execution of a search warrant on March 2, 2007.

2. On that date, officers of the United States Park Police and an FBI task force, searched Apartment T2 at 106 Galveston Street, SW, pursuant to a warrant.

3. According to police reports, during this search police seized tangible evidence consisting of, among other things: approximately 40 grams of cocaine base; approximately 20 ounces of liquid PCP; a 9mm firearm and a .357 revolver, plus ammunition for each; a total of $6,320 U.S. currency; Mr. West's birth certificate and other identifying documents and paperwork, and photographs.

4. The search of apartment T2 at 106 Galveston Street, SW, was made pursuant to a D.C. Superior Court Search Warrant signed by the Honorable Robert Wertheim on

March 2, 2007.

5. The tangible evidence allegedly recovered during this search was seized in violation of the Fourth Amendment of the United States Constitution.

6. According to the Affidavit submitted in support of the search warrant used in this case, an informant purchased PCP from a "Mark" allegedly in apartment T-2 at 106 Galveston Street, SW, within 14 days prior to March 2, 2007.

7. Mr. West denies distributing PCP to anyone from apartment T-2 at 106 Galveston Street, SW, within 14 days prior to March 2, 2007.

8. Because the warrant used in this case was based upon false information, the evidence seized during its execution must be suppressed. Pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

9. Admission of any of the tangible evidence seized from apartment T-2 at 106 Galveston Street, SW,, or of any testimony regarding this evidence would thus violate Mr. West' rights under the Fourth Amendment.

WHEREFORE, Mr. West respectfully requests this court to grant this motion and to suppress any evidence allegedly seized on March 3, 2007, from apartment T-2 at 106 Galveston Street, SW,

Respectfully submitted,

_____/s/_____
Nikki Lotze
Roberts & Wood
6801 Kenilworth Ave., Suite 202
Riverdale, MD 20737
(301) 699-0764

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion and Memorandum of Points and Authorities in Support thereof was served by facsimile and by mail on AUSA Edward O'Connell, Office of the United States Attorney, 555 Fourth Street, NW, Washington, D.C. 20530, this ____ day of July, 2007.

_____/s/_____
Nikki Lotze

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| v. | : | **07-121 (CKK)** |
| **TYRONE WEST** | <u>PROPOSED ORDER</u> | |

Upon consideration of the Defendant's motion to suppress evidence, it is this _____ day of _____, 2007, hereby ORDERED that the motion is GRANTED.

_____
Judge

Nikki Lotze
Roberts & Wood
6801 Kenilworth Avenue
Suite 202
Riverdale, MD 20737

AUSA Edward O'Connell