UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No.  07-121 (CKK) |
| v. | : | |
| | : | |
| TYRONE WEST | : | |
| | : | Status Date:  August 3, 2007 |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its response in opposition to the defendant's <u>Motion to Suppress Tangible Evidence and Memorandum of Points and Authorities</u>.  For the reasons set forth herein, the government respectfully moves this Court to deny the defendant's motion to suppress tangible evidence.  In support of its opposition, the government relies upon the foregoing facts and authorities, and states the following:

I.    Relevant Facts

On May 8, 2007, the defendant was charged by a Grand Jury indictment with possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), possession with intent to distribute one hundred grams or more of phencyclidine (PCP), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iv), and possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). These charges arose from evidence recovered during the execution of a search warrant on the defendant's residence, xxx xxxxxxxxx xxxxxx SW, Apartment x-x, Washington, DC, on March

2, 2007.

The search warrant was issued earlier that same day, March 2, 2007, by Judge Richard

Wertheim of the Superior Court of the District of Columbia.  The affidavit in support of that

search warrant, which was incorporated by reference to the warrant, was presented to Judge

Wertheim by Washington, DC Metropolitan Police Department Detective Lavinia Quigley.  In

her affidavit in support of the search warrant, Detective Quigley described the events giving rise

to probable cause justifying the search that residence, xxx xxxxxxxxx xxxxxx SW, Apartment x-

x.

Within fourteen days prior to Detective Quigley's presenting the affidavit to Judge

Wertheim, a proven reliable confidential source relayed to law enforcement that an individual

living at that address, whom the source knew as "Mark," sold liquid PCP from the apartment.

Within the seventy-two hours prior to Detective Quigley's presenting the affidavit to Judge

Wertheim, the reliable source conducted a controlled purchase of PCP from the individual known

to the source as "Mark" from that address.  The controlled buy was monitored by investigators.

Those investigators observed the source walk directly into the front door of xxx xxxxxxxxx

xxxxxx SW, and exit the same door a short time later.  The source immediately met with

investigators and turned over a quantity of PCP.  The source was debriefed and informed

investigators that while inside of Apartment x-x, "it" had given pre-recorded funds to "Mark" in

exchange for the PCP.

Upon the execution of the search warrant at xxx xxxxxxxxx xxxxxx SW, Apartment x-x

later on March 2, 2007, investigators discovered the apartment to be a one bedroom apartment

that appeared to be occupied by one man.  The investigators discovered that the apartment

contained only men's clothing and effects.  Moreover, the overwhelming amount of paperwork in

the apartment was in the defendant's name, Tyrone West, addressed to the defendant either at the

xxxxxxxxx xxxxxx address, or at his former addresses, xxxx xxxxxxxxxx xxxx SE, Apartment

xxx and Apartment xxx, Washington, DC, 20032 .  However, it should be noted that one

document, a pawnbroker's receipt, was made out in the name of "Mark" West, at the address of

xxxx xxxxxxxxxx xxxx SE, Apartment xxx, Washington, DC 20032.  The investigators also

recovered 396.3 grams of liquid PCP, 27.3 grams of cocaine base, a .357 Magnum revolver and a

9mm pistol, ammunition fitting those two firearms as well as ammunition of a third caliber, and

various drug paraphernalia.

Upon the defendant's indictment by the Grand Jury, a warrant was issued for his arrest.

The defendant was arrested on June 14, 2007.  The defendant was arraigned on the charges on

June 15, 2007.


II.       Argument

   A.     The Motion to Suppress Should Be Denied Because the Affidavit in Support of
          the Search Warrant Established Probable Cause for the Superior Court Judge to
          Issue the Search Warrant.


The defendant's motion to suppress should be denied because the search warrant was

supported by probable cause.  The Fourth Amendment requires that all warrants issue upon a

finding of probable cause. For a search warrant to issue, a judicial officer must make a finding of

probable cause.  United States v. Warren, 42 F.3d 647, (D.C. Cir. 1994), rehearing denied (1995).

"The determination of probable cause calls for a 'practical, commonsense' inquiry."  Id., quoting

Illinois v. Gates, 462 U.S. 213, 238 (1983).  The law only requires that a magistrate have a

"substantial basis" for concluding that an affidavit in support of a search warrant establishes

probable cause.  United States v. Nolan, 199 F.3d 1180 (10th Cir. 1999), quoting Illinois v.

Gates, 464 U.S. at 236.  "The task of the issuing magistrate is simply to make a practical,

common-sense decision whether, given all the circumstances set forth in the affidavit . . . there is

a fair probability that contraband or evidence of a crime will be found in a particular place."  Id.,

quoting Gates, 464 U.S. at 238. The reviewing court will not make a de novo determination of

probable cause, but will uphold the decision to issue the warrant if it is supported by substantial

evidence.  Massachusetts v. Upton, 466 U.S. 727, 728 (1984) (per curiam).

     Here, the search warrant affidavit provided Judge Wertheim with a substantial basis to

determine that narcotics were being sold from the defendant's residence, xxx xxxxxxxxx xxxxxx

SW, Apartment x-x, Washington, DC.  The affidavit cited specific facts, not speculative

generalities.  The affidavit described the specific apartment inside of a specific building where

narcotics were being sold.  Application for the warrant was made within a reasonable time

following the controlled buy from the apartment.  Moreover, the affidavit was made by an

experienced detective from facts learned from a confidential source whose reliability had been

well-established.  All of these factors supported a probable cause finding.

     B.     There Was No Deliberate False Information in the Affidavit, Therefore, The
              Defendant's Reliance on Franks. v. Delaware is Misplaced.

     In his motion, the defendant states that "an informant purchased PCP from a 'Mark'

allegedly in apartment T-2" and that he "denies distributing PCP to anyone from [that apartment]

within 14 days prior to March 2, 2007." Defendant's Motion at p. 2. Based on this statement,

the defendant relies upon Franks v. Delaware, 438 U.S. 154 (1978), to argue that "[b]ecause the

warrant used in this case was based on false information, the evidence seized during its execution

must be suppressed." Id. As best the government can make out, the defendant argues that he is

not known as "Mark," and therefore, the information regarding the occupant of Apartment x-x

being known to the confidential source as "Mark" must constitute false information. Leaving

aside the vagueness of this argument, the defendant falls far short of the necessary showing under

Franks to require the Court to order that the evidence be suppressed.

In Franks v. Delaware, 438 U.S. 154 (1978), the Supreme Court crafted a limited

exception to the presumption of validity of a search warrant affidavit. If a defendant shows that a

false statement was knowingly and intentionally (or recklessly) included by the affiant in the

search warrant affidavit, and that the allegedly false statement is necessary to the finding of

probable cause, the search warrant must be voided. Id., 438 U.S. at 155-56. See United States v.

Sobamowo, 892 F.2d 90, 94 (D.C. Cir. 1989), cert. denied, 111 S. Ct. 78 (1990); United States v.

Richardson, 861 F.2d at 293. The defendant must make a substantial showing that the affiant

deliberately falsified information in the warrant or "in fact entertained serious doubts as to the

truth" of the information. United States v. Davis, 617 F.2d 677, 694 (D.C. Cir. 1979). Mere

negligence or innocent mistake is not sufficient. Franks, 438 U.S. at 171. Moreover, if there

remains a sufficient showing of probable cause after the false information has been excised or

corrected, the warrant is still valid. United States v. Warren, 42 F.3d at 653; United States v.

Richardson, 861 F.2d at 293.

Here, the defendant cannot make any such showing. While the bulk of the paperwork

found in the apartment was addressed to "Tyrone West," there was recovered evidence, in the

form of the pawnbroker's receipt, that the defendant does use the name "Mark West." Moreover,

the defendant fails to elaborate his argument to assert that the supposed false information was

deliberately included in the affidavit, or that the affidavit would fail to make out probable cause

if the supposed false information were to be excised or corrected. Indeed, even if the defendant

were not the person who sold the narcotics to the confidential source, that fact would not lessen

the probable cause to issue a warrant to search the defendant's apartment. See, United States v.

Allen, 960 F.2d 1055 (D.C. Cir.), cert. denied, 506 U.S. 881, 1057 (1992) ( informant's single

purchase of small rock of crack cocaine from unknown individual in hallway of house

constituted probable cause for issuance of search warrant for defendant's residence).


        C.      Even If The Search Warrant Was Defective, Investigators Relied Upon It In Good
                Faith.

Even if some infirmity in the search warrant rendered it infirm, investigators relied upon

the facts asserted in the affidavit in good faith. Accordingly, the Supreme Court's decision in

United States v. Leon, 468 U.S. 897 (1984), renders essentially moot the allegations of the

defendant's motion. As this Court is well-aware, Leon recognizes a "good faith" exception to the

Exclusionary Rule. See generally LaFave, W.R., Search and Seizure, vol. 1, § 1.3(f) (West 3d

ed. 1996). Leon directs that evidence obtained by officers acting in reasonable reliance on a

search warrant issued by a detached and neutral magistrate is admissible in the government's

case-in-chief despite the fact that the search warrant is ultimately found to be unsupported by

probable cause. Id. at 923. This is so, unless the officer lacks a "reasonable grounds for

believing that the warrant was properly issued." Id. at 922.

In this case, the affidavit was drafted by a seasoned MPD Detective. See Affidavit, pages 1, 2, 4 and 5. Moreover, the affidavit was reviewed, approved, and counter-signed by an Assistant United States Attorney, Barry Wiegand. See Affidavit, page 5 ("United States Attorney" signature block). The search warrant, itself, was issued by an experienced Superior Court Judge. Hence, the executing investigators had every reason to believe that the warrant was properly issued. As to the warrant, the defendant's motion does not claim the existence of any patent technical defect. Nor does the defendant's motion claim that the issuing Judicial Officer was not "detached and neutral," nor could it.

Because the investigators had "reasonable grounds for believing that the warrant was properly issued," and because the investigators acted in reasonable reliance that the search warrant was issued by a neutral and detached Superior Court Judge, the evidence seized in the execution of the search warrant is admissible in the government's case-in-chief.

In sum, because there was probable cause to believe that evidence of criminal activity would be found at the dwelling of xxx xxxxxxxxx xxxxxx SW, Apartment x-x, that is, the defendant's dwelling, the defendant's motion is without merit. Moreover, because there was ample evidence t to support Judge Wertheim's issuance of the search warrant, and because the investigators reasonably relied upon the apparent propriety of the search warrant, the "good faith" exception to the Exclusionary Rule "saves" the evidence, in any event. For these reasons, the defendant's motion is without merit and should be denied.

WHEREFORE, the government respectfully moved that the defendant's motion be

DENIED.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

BY:                     /S/
EDWARD A. O'CONNELL
Assistant United States Attorney
D.C. Bar Number 460233
Organized Crime and Narcotics Section
555 4th Street NW
Room 4122
Washington, DC 20530
(202) 514-6997
Fax: (202) 514-8707