UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No.  07-121 (CKK) |
| v. | : | |
| | : | |
| TYRONE WEST | : | |
| | : | Status Date:  August 3, 2007 |
| Defendant. | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its response in opposition to the defendant's <u>Motion to Suppress Tangible Evidence and Memorandum of Points and Authorities</u>.  For the reasons set forth herein, the government respectfully moves this Court to deny the defendant's motion to suppress tangible evidence.  In support of its opposition, the government relies upon the foregoing facts and authorities, and states the following:

I.      <u>Relevant Facts</u>

On May 8, 2007, the defendant was charged by a Grand Jury indictment with possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), possession with intent to distribute one hundred grams or more of phencyclidine (PCP), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iv), and possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). These charges arose from evidence recovered during the execution of a search warrant on the defendant's residence, 106 Galveston Street SW, Apartment T-2, Washington, DC, on March 2,

2007.

The search warrant was issued earlier that same day, March 2, 2007, by Judge Richard Wertheim of the Superior Court of the District of Columbia. The affidavit in support of that search warrant, which was incorporated by reference to the warrant, was presented to Judge Wertheim by Washington, DC Metropolitan Police Department Detective Lavinia Quigley. In her affidavit in support of the search warrant, Detective Quigley described the events giving rise to probable cause justifying the search that residence, 106 Galveston Street SW, Apartment T-2.

Within fourteen days prior to Detective Quigley's presenting the affidavit to Judge Wertheim, a proven reliable confidential source relayed to law enforcement that an individual living at that address, whom the source knew as "Mark," sold liquid PCP from the apartment. Within the seventy-two hours prior to Detective Quigley's presenting the affidavit to Judge Wertheim, the reliable source conducted a controlled purchase of PCP from the individual known to the source as "Mark" from that address. The controlled buy was monitored by investigators. Those investigators observed the source walk directly into the front door of 106 Galveston Street SW, and exit the same door a short time later. The source immediately met with investigators and turned over a quantity of PCP. The source was debriefed and informed investigators that while inside of Apartment T-2, "it" had given pre-recorded funds to "Mark" in exchange for the PCP.

Upon the execution of the search warrant at 106 Galveston Street SW, Apartment T-2 later on March 2, 2007, investigators discovered the apartment to be a one bedroom apartment that appeared to be occupied by one man. The investigators discovered that the apartment contained only men's clothing and effects. Moreover, the overwhelming amount of paperwork in

the apartment was in the defendant's name, Tyrone West, addressed to the defendant either at the Galveston Street address, or at his former addresses, 4632 Livingston Road SE, Apartment 203 and Apartment 303, Washington, DC, 20032 .  However, it should be noted that one document, a pawnbroker's receipt, was made out in the name of "Mark" West, at the address of 4632 Livingston Road SE, Apartment 203, Washington, DC 20032.  The investigators also recovered 396.3 grams of liquid PCP, 27.3 grams of cocaine base, a .357 Magnum revolver and a 9mm pistol, ammunition fitting those two firearms as well as ammunition of a third caliber, and various drug paraphernalia.

Upon the defendant's indictment by the Grand Jury, a warrant was issued for his arrest.  The defendant was arrested on June 14, 2007.  The defendant was arraigned on the charges on June 15, 2007.

II.  Argument

    A.  The Motion to Suppress Should Be Denied Because the Affidavit in Support of the Search Warrant Established Probable Cause for the Superior Court Judge to Issue the Search Warrant.

The defendant's motion to suppress should be denied because the search warrant was supported by probable cause.  The Fourth Amendment requires that all warrants issue upon a finding of probable cause. For a search warrant to issue, a judicial officer must make a finding of probable cause.  United States v. Warren, 42 F.3d 647, (D.C. Cir. 1994), rehearing denied (1995).  "The determination of probable cause calls for a 'practical, commonsense' inquiry."  Id., quoting Illinois v. Gates, 462 U.S. 213, 238 (1983).  The law only requires that a magistrate have a

"substantial basis" for concluding that an affidavit in support of a search warrant establishes probable cause. United States v. Nolan, 199 F.3d 1180 (10th Cir. 1999), quoting Illinois v. Gates, 464 U.S. at 236. "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id., quoting Gates, 464 U.S. at 238. The reviewing court will not make a de novo determination of probable cause, but will uphold the decision to issue the warrant if it is supported by substantial evidence. Massachusetts v. Upton, 466 U.S. 727, 728 (1984) (per curiam).

Here, the search warrant affidavit provided Judge Wertheim with a substantial basis to determine that narcotics were being sold from the defendant's residence, 106 Galveston Street SW, Apartment T-2, Washington, DC. The affidavit cited specific facts, not speculative generalities. The affidavit described the specific apartment inside of a specific building where narcotics were being sold. Application for the warrant was made within a reasonable time following the controlled buy from the apartment. Moreover, the affidavit was made by an experienced detective from facts learned from a confidential source whose reliability had been well-established. All of these factors supported a probable cause finding.

      B.    There Was No Deliberate False Information in the Affidavit, Therefore, The Defendant's Reliance on Franks. v. Delaware is Misplaced.

In his motion, the defendant states that "an informant purchased PCP from a 'Mark' allegedly in apartment T-2" and that he "denies distributing PCP to anyone from [that apartment] within 14 days prior to March 2, 2007." Defendant's Motion at p. 2. Based on this statement,

the defendant relies upon Franks v. Delaware, 438 U.S. 154 (1978), to argue that "[b]ecause the warrant used in this case was based on false information, the evidence seized during its execution must be suppressed." Id. As best the government can make out, the defendant argues that he is not known as "Mark," and therefore, the information regarding the occupant of Apartment T-2 being known to the confidential source as "Mark" must constitute false information. Leaving aside the vagueness of this argument, the defendant falls far short of the necessary showing under Franks to require the Court to order that the evidence be suppressed.

In Franks v. Delaware, 438 U.S. 154 (1978), the Supreme Court crafted a limited exception to the presumption of validity of a search warrant affidavit. If a defendant shows that a false statement was knowingly and intentionally (or recklessly) included by the affiant in the search warrant affidavit, and that the allegedly false statement is necessary to the finding of probable cause, the search warrant must be voided. Id., 438 U.S. at 155-56. See United States v. Sobamowo, 892 F.2d 90, 94 (D.C. Cir. 1989), cert. denied, 111 S. Ct. 78 (1990); United States v. Richardson, 861 F.2d at 293. The defendant must make a substantial showing that the affiant deliberately falsified information in the warrant or "in fact entertained serious doubts as to the truth" of the information. United States v. Davis, 617 F.2d 677, 694 (D.C. Cir. 1979). Mere negligence or innocent mistake is not sufficient. Franks, 438 U.S. at 171. Moreover, if there remains a sufficient showing of probable cause after the false information has been excised or corrected, the warrant is still valid. United States v. Warren, 42 F.3d at 653; United States v. Richardson, 861 F.2d at 293.

Here, the defendant cannot make any such showing. While the bulk of the paperwork found in the apartment was addressed to "Tyrone West," there was recovered evidence, in the

form of the pawnbroker's receipt, that the defendant does use the name "Mark West." Moreover, the defendant fails to elaborate his argument to assert that the supposed false information was deliberately included in the affidavit, or that the affidavit would fail to make out probable cause if the supposed false information were to be excised or corrected. Indeed, even if the defendant were not the person who sold the narcotics to the confidential source, that fact would not lessen the probable cause to issue a warrant to search the defendant's apartment. See, United States v. Allen, 960 F.2d 1055 (D.C. Cir.), cert. denied, 506 U.S. 881, 1057 (1992) ( informant's single purchase of small rock of crack cocaine from unknown individual in hallway of house constituted probable cause for issuance of search warrant for defendant's residence).

      C.     Even If The Search Warrant Was Defective, Investigators Relied Upon It In Good Faith.

Even if some infirmity in the search warrant rendered it infirm, investigators relied upon the facts asserted in the affidavit in good faith. Accordingly, the Supreme Court's decision in United States v. Leon, 468 U.S. 897 (1984), renders essentially moot the allegations of the defendant's motion. As this Court is well-aware, Leon recognizes a "good faith" exception to the Exclusionary Rule. See generally LaFave, W.R., Search and Seizure, vol. 1, § 1.3(f) (West 3d ed. 1996). Leon directs that evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate is admissible in the government's case-in-chief despite the fact that the search warrant is ultimately found to be unsupported by probable cause. Id. at 923. This is so, unless the officer lacks a "reasonable grounds for believing that the warrant was properly issued." Id. at 922.

In this case, the affidavit was drafted by a seasoned MPD Detective.  See Affidavit, pages 1, 2, 4 and 5.  Moreover, the affidavit was reviewed, approved, and counter-signed by an Assistant United States Attorney, Barry Wiegand.  See Affidavit, page 5 ("United States Attorney" signature block).  The search warrant, itself, was issued by an experienced Superior Court Judge.  Hence, the executing investigators had every reason to believe that the warrant was properly issued.  As to the warrant, the defendant's motion does not claim the existence of any patent technical defect.  Nor does the defendant's motion claim that the issuing Judicial Officer was not "detached and neutral," nor could it.

Because the investigators had "reasonable grounds for believing that the warrant was properly issued," and because the investigators acted in reasonable reliance that the search warrant was issued by a neutral and detached Superior Court Judge, the evidence seized in the execution of the search warrant is admissible in the government's case-in-chief.

In sum, because there was probable cause to believe that evidence of criminal activity would be found at the dwelling of 106 Galveston Street SW, Apartment T-2, that is, the defendant's dwelling, the defendant's motion is without merit.  Moreover, because there was ample evidence t to support Judge Wertheim's issuance of the search warrant, and because the investigators reasonably relied upon the apparent propriety of the search warrant, the "good faith" exception to the Exclusionary Rule "saves" the evidence, in any event.  For these reasons, the defendant's motion is without merit and should be denied.

WHEREFORE, the government respectfully moved that the defendant's motion be DENIED.

                          Respectfully submitted,

                          JEFFREY A. TAYLOR
                          United States Attorney

BY:            /S/
                          EDWARD A. O'CONNELL
                          Assistant United States Attorney
                          D.C. Bar Number 460233
                          Organized Crime and Narcotics Section
                          555 4th Street NW
                          Room 4122
                          Washington, DC 20530
                          (202) 514-6997
                          Fax: (202) 514-8707