**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| UNITED STATES OF AMERICA |
| v. |
| TYRONE WEST, |
| Defendant. |

Crim. No. 07–121 (CKK)

**MEMORANDUM OPINION**
(August 3, 2007)

On May 8, 2007, Defendant Tyrone West was charged in a three-count indictment with the following offenses for acts committed on or about March 2, 2007:  (1) Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); (2) Unlawful Possession with Intent to Distribute 100 grams or More of Phencyclidine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iv); and (3) Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1).  Defendant West was arraigned on June 15, 2007.  The next status conference in this case is scheduled to be held on August 3, 2007, at 9:00 a.m., and a jury trial is scheduled to commence on September 19, 2007, at 9:00 a.m.

Presently before the Court is Defendant's [6] Motion to Suppress Tangible Evidence, filed on July 16, 2007.  The government filed a response on July 30, 2007.  Defendant's Motion argues that the tangible evidence seized by police on March 2, 2007 pursuant to a search warrant for apartment T-2 at 106 Galveston Street, SW, signed by Judge Robert Wertheim on March 2, 2007–including approximately 40 grams of cocaine base, approximately 20 ounces of PCP, a

9mm firearm and a .357 revolver plus ammunition for each, a total of $6,320 in U.S. currency, and Defendant's birth certificate and other identifying documents, paperwork, and photographs–"was seized in violation of the Fourth Amendment of the United States Constitution." Def.'s Mot. to Suppress ¶¶ 3, 4, 5. Defendant offers only one legal basis for his argument–that the "warrant used in this case was based upon false information," such that the evidence seized should be suppressed pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Def.'s Mot. to Suppress ¶ 8. The two "factual" statements Defendant provides in support of this legal premise are that (1) the affidavit submitted in support of the search warrant indicated that "an informant purchased PCP from a 'Mark' allegedly in apartment T-2 at 106 Galveston Street, SW, within 14 days prior to March 2, 2007," and (2) "[Defendant] denies distributing PCP to anyone from apartment T-2 at 106 Galveston Street, SW, within 14 days prior to March 2, 2007." *Id.* ¶¶ 7, 8. Defendant does not argue for suppression of the evidence (or testimony related thereto) on any grounds other than *Franks*.

In opposition to Defendant's argument, the government states:

> As best the government can make out, the defendant argues that he is not known as "Mark," and therefore, the information regarding the occupant of Apartment T-2 being known to the confidential source as "Mark" must constitute false information. Leaving aside the vagueness of this argument, the defendant falls far short of the necessary showing under *Franks* to require the Court to order that the evidence be suppressed.

Gov't's Resp. at 5.

The Court need not piece together exactly what constitutes Defendant's argument to determine that Defendant has not made a substantial showing in his two-page motion as required by *Franks*. Pursuant to *Franks*,

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the

2

affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Franks*, 438 U.S. at 155-56. *See also United States v. Sobawamo*, 892 F.2d 90, 94 (D.C. Cir. 1989), *cert. denied*, 111 S. Ct. 78 (1990); *United States v. Richardson*, 861 F.2d 291, 293 (1988), *cert. denied*, 489 U.S. 1058 (1989).

Defendant in this case has not made anything approaching "a substantial preliminary statement showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" such that a hearing would be warranted. *Franks*, 438 U.S. at 155. *See United States v. Davis*, 617 F.2d 677, 694 (D.C. Cir. 1979) (defining reckless disregard for the truth as set forth in *Franks* as requiring a showing that the affiant entertained serious doubts as to the truth of the information given). In fact, Defendant's motion does not include any information about the affiant, nor does Defendant refute the government's assertion that a pawnbroker receipt indicated that the Defendant has previously used the name "Mark West."[1] While Defendant's Motion appears to contain an assertion of innocence supported by the informant's indication that he purchased PCP from an individual named "Mark," it is the truth of the statements of the affiant rather than the informant that are at issue. *Franks*, 438 U.S. at 171 ("The deliberate falsity or reckless disregard whose

---

[1] Indeed, to the extent that Defendant's Motion suggests that individuals allegedly involved in the drug trade always use their given names, or that Defendant's simple denial that he distributed PCP in the apartment at issue within 14 days prior to March 2, 2007 would constitute the basis for the relief that he seeks, the Court rejects both notions.

impeachment is permitted today is only that of the affiant, not of any nongovernmental informant.").

Furthermore, even if any reference to the name of the individual cited by the informant were omitted from the affidavit, the name of the individual from whom the informant made a purchase is not necessary to a finding of probable cause. *See Franks*, 438 U.S. at 171-72 ("[I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required."); *United States v. Allen*, 960 F.2d 1055, 1057 (D.C. Cir. 1992), *cert. denied*, 506 U.S. 881 (1992) (holding that a single drug purchase by an informant from an unknown individual in a house constituted probable cause for issuance of a search warrant of that house). "[A]n inaccurate statement in a warrant affidavit invalidates a warrant only if the statement was both 'material to the issue of probable cause,' *and* 'made knowingly and intentionally, or with reckless disregard for the truth.'" *United States v. Warren*, 42 F.3d 647, 653 (D.C. Cir. 1994) (quoting *Richardson,* 861 F.2d at 293) (emphasis added). The Court has otherwise reviewed a copy of the search warrant and supporting affidavit in this case and found the former to be supported by probable cause even without any indication of the subject's name in the affidavit. Accordingly, omission of the name "Mark" would not void the search warrant on probable cause grounds.

In sum, the Court finds that Defendant's Motion is merely conclusory and does not include allegations, supported or otherwise, of deliberate falsehood or reckless disregard for the truth:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be

4

allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.  They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.  Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.  Allegations of negligence or innocent mistake are insufficient.

*Franks*, 438 U.S. at 171.

Based on the aforementioned reasoning, the Court shall DENY Defendant's [6] Motion to

Suppress Tangible Evidence.  An Order accompanies this Memorandum Opinion.

Date:   August 3, 2007

                    /s/
                 COLLEEN KOLLAR-KOTELLY
                 United States District Judge

5