IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES : | |
| : | |
| v. : | 07-cr-121 (TFH) |
| : | |
| TYRONE WEST : | |

**DEFENDANT'S MOTION FOR ORDER COMPELLING
THE GOVERNMENT TO DISCLOSE THE IDENTITY OF ITS INFORMANT,
and FOR THE COURT TO CONDUCT AN *IN CAMERA* INTERVIEW
OF THE INFORMANT, WITH PARTICIPATION BY COUNSEL,
AND POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Tyrone West, through undersigned counsel, respectfully moves this Court, pursuant to *Roviaro v. United States,* 353 U.S. 53 (1957); the Compulsory Process Clause of the Sixth Amendment; the Due Process Clause of the Fifth Amendment, and *Brady v, Maryland,* 373 U.S. 83 (1963), for an order compelling the government to disclose the identity of its informant and for the Court to conduct an *in camera* interview of the informant, with the participation of counsel, in advance of trial.

In support of this motion, Mr. West states:

1. Tyrone West is before the Court charged with possession with intent to distribute 5 grams or more of cocaine base, possession with intent to distribute 100 grams or more of PCP, and using, carrying, and possessing a firearm during a drug trafficking offense. The charges arise from the execution of a search warrant on March 2, 2007, at apartment T-2, 106 Galveston Street, SW, Washington, D.C..

2. According to the affidavit in support of the search warrant, a confidential source informed police that an individual it knew as "Mark," sold PCP from apartment T-2 at 106 Galveston St., SW, and also kept PCP at that location.

3. According to the affidavit in support of the search warrant, the same confidential source conducted a controlled purchase of PCP from "Mark," inside apartment T-2 at 106 Galveston Street, SW, at some point prior to March 2, 2007.

4. Although this information is not contained in the affidavit, assigned AUSA Edward O'Connell has since informed undersigned counsel that following the controlled buy, the confidential source was shown a single photograph of Tyrone West, and identified Mr. West as the "Mark" who sold the source PCP.

5. When the search warrant was executed in this case, no one was in apartment T-2 at 106 Galveston Street, SW.

6. The government does not intend to introduce evidence of the sale to the confidential source at trial. Instead, the government intends to proceed only on the evidence recovered during execution of the search warrant.

7. Thus, at trial, the government will seek to prove that Mr. West had constructive, rather than actual, possession of the contraband recovered from the apartment.

8. However, the defense may seek to introduce evidence that an individual known as "Mark," distributed PCP from apartment T-2 at 106 Galveston Street, SW, shortly before the execution of the search warrant on March 2, 2007.

9. Therefore, any evidence which the confidential source might offer regarding the identity of the "Mark" who possessed and distributed PCP is discoverable pursuant to *Roviaro v. United States,* 353 U.S. 53 (1957).

ARGUMENT

I.    The Court Should Order the Requested Disclosure

The Supreme Court has recognized and defined the limits of the "informer's privilege" in *Roviaro v. United States,* 353 U.S. 53 (1957). According to the Court:

> [w]hat is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

*Id.* at 59 (citations omitted).

However, the privilege is limited by the "fundamental requirements of fairness," as follows:

> [w]here the disclosure of an informer's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.

*Id.* at 60-61 (footnotes omitted).

While the *Roviaro* Court did not announce a fixed rule regarding when disclosure must be ordered, factors to be considered include: (1) the crime charged; (2) the possible defenses; (3) the possible significance of the informer's testimony, and (4) other relevant factors. *Id.*. Consideration of those factors in the context of this case dictates that disclosure be ordered.

    1.    The Crime Charged

In determining whether this factor, the crime charged, weighs for or against disclosure, since *Roviaro* was decided in 1957, courts have generally focused on the informant's role in

the crime charged. The identity of informants who are "participants," in the crime charged will be ordered disclosed more readily than will the identity of informants who are "mere tipsters," not present to witness commission of the crime. E.g., *United States v. Ayala*, 643 F.2d 244, 246 (5th Cir. 1981); *United States v. Price*, 783 F.2d 1132, 1138 (4th Cir. 1986) (citations omitted); *United States v. Panton*, 846 F.2d 1335, 1336-37 (11th Cir. 1988).

In *Roviaro*, apparently by pre-arrangement, the defendant met the informant and got into the informant's car, unaware that a police officer had secreted himself in the trunk of the car and that other officers were following the car. The informant and appellate Roviaro drove to a location where the informant stopped the car. Roviaro got out and walked a few feet, then picked up a small package from behind a tree; returned to the car and threw the package into the open right front door, waved the informant off and walked away.

At trial, the informant's participation in the transaction was described by government witnesses including the officer who rode in the trunk on the evening of the transaction. The Supreme Court found reversible error in the District Court's refusal to order the government to disclose the informant's identity because the informant had taken a material part in bringing about the possession of certain drugs by the accused; had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused had knowingly concealed and transported the drugs as charged. *Roviaro*, 353 U.S. at 62-65.

The Supreme Court took the position that Roviaro's ability to cross-examine the police officers involved was

> hardly a substitute for an opportunity to examine the man who had been nearest to him and took part in the transaction. [The informant] had helped to set up the criminal occurrence and had played a prominent part in it. ... He might have thrown doubt upon petitioner's identity or on the identity of the package. He was the only witness who

> might have testified to petitioner's possible lack of knowledge of the contents of the package that he "transported" from the tree to [the informant's] car. The desirability of calling [the informant] as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government to decide.

*Id.* at 64.

In this case, shortly before execution of the search warrant, the source reported having seen "Mark" in possession of PCP at apartment T-2, 106 Galveston Street, SW, and having purchased PCP form "Mark,'" on a separate occassion. The source will, on information and belief, identify someone other than Mr. West as "Mark," who possessed and distributed PCP. Such evidence would cast doubt upon the government's case that it was Mr. West who possessed the guns, and who possessed with intent to distribute the drugs found in the apartment when the search warrant was executed. Accordingly, the source should be made available to the defense for trial.

   2.   Mr. West's defense

The foregoing demonstrates that if Mr. West is to have a full and fair opportunity to present his defense, obtain a fair trial and a just and accurate resolution of this case, he must have access to the source and the source's testimony regarding who possessed and distributed the PCP. *See, e.g., Washington v. Texas*, 388 U.S. 14, 19 (1967) ("[t]he right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts ... to the jury so it may decide where the truth lies.").

   3.   Possible significance of source's testimony

Materiality is not dependent on the evidence being conclusive on the issue of guilt. Evidence is material as long as it could be used by the jury in its assessment of the issue of

guilt. *E.g.*, *Guthrie v. United States*, 92 U.S. App. D.C. 361, 207 F.2d 19 (1953).

Disclosure here is particularly appropriate given the close relationship between Mr. West's defense and the likely testimony the source could provide. Of course, Mr. West cannot establish that the informant will testify in the exact manner Mr. West expects, but he has met his burden under case law; it suffices that Mr. West is able to point to "the events to which the informant might testify, and the relevance of those events to the crime charged." *United States v. Valenzuela-Bernal,* 458 U.S. 858, 871 (1982).

    4.    <u>Other relevant factors</u>

This is a case in which Mr. West stands charged with possession with intent to distribute PCP and crack cocaine, and using a handgun in the course of drug trafficking, where the drugs and guns were within an apartment in which no one was located at the time the search warrant was executed. In light of these facts and circumstances, the jury must be allowed to hear from the source who observed PCP possibly in someone else's possession, and purchased PCP from possibly someone else, before the warrant was executed.

    II    <u>Preliminary to Ordering the Disclosure of the Source's Identity, the Court Should Conduct an *In Camera* Interview of the Source, with the Participation of Counsel.</u>

In light of the foregoing, it is clear that this Court must take steps to determine whether or not the source in fact has material evidence that Mr. West is entitled to discover and present at trial. While this Court has considerable discretion concerning exactly how such a determination will be made, it should conduct an *in camera* interview of the source, with the participation of counsel, and make express findings with respect to each of the *Roviaro* factors and its application of *Roviaro*'s balancing test. See, e.g., *United States v. Ordonez,* 737 F.2d

793, 807-10 (9th Cir 1984) (suggesting that upon remand, the trial court follow the procedures outlined above in order to "meet[ ] the responsibility imposed by *Roviaro* and the due process clause").

Only then can the Court know whether the public interest calls for disclosing the informant's identity or allowing the government to keep it a secret. *Ordonez,* supra, 737 F.2d at 810. *Accord United States v. Panton*, 846 F.2d 1335, 1337 (11th Cir. 1988) ("upon remand, the district judge should question the informer *in camera* to ascertain whether his or her testimony might be of assistance to defendant"); *United States v. Fischer*, 531 F.2d 783, 788 (5th Cir. 1976) (reversal required where appellate court cannot determine from the record whether the informer's testimony was necessary for a fair trial); *United States v. Lloyd*, 400 F.2d 414, 417 (6th Cir. 1968) (same).

## CONCLUSION

WHEREFORE, for the foregoing reasons and any other(s) that may appear to the Court at a hearing on this motion, Mr. West respectfully requests that this motion be granted.

Respectfully submitted,

_____
Nikki Lotze
Counsel for Mr. West
Roberts & Wood
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland  20737
(301) 699-0764

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Compel Disclosure of the Identity of Informant has been delivered by mail and by FAX on AUSA Edward O'Connell; Office of the United States Attorney; 555 Fourth Street, NW; Washington, D.C. 20530; this _____ day of August, 2007.

                                                                   _____
                                                                   Nikki Lotze

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES : | |
| : | |
| v.   : | 07-cr-121 (TFH) |
| : | |
| TYRONE WEST : | |

## PROPOSED ORDER

Upon consideration of the Defendant's Motion to Compel the Government to Disclose the Identity of Its Informant, and for the Court to Conduct an *In Camera* Interview of the Informant, with Participation by Counsel, good cause having been advanced, it is this _____ day of _____, 2007, hereby

ORDERED that the motion is GRANTED

_____
Judge Hogan

cc:

Nikki Lotze
Roberts & Wood
6801 Kenilworth Ave. Suite 202
Riverdale, MD 20737

AUSA Edward O'Connell
Office of the U.S. Attorney
555 Fourth Street, NW
Washington, D.C. 20530