IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | 07-cr-121 (TFH) |
| | : | |
| TYRONE WEST | : | |

**DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION TESTIMONY AND SUPPORTING MEMORANDUM**

Tyrone West, the defendant, through his attorney, requests that this Court suppress as evidence any and all out-of-court identifications made of the defendant and bar the government from eliciting any in-court identifications of the defendant.

In support of this motion, counsel states the following:

1. Tyrone West is before the Court charged with possession with intent to distribute 5 grams or more of cocaine base, possession with intent to distribute 100 grams or more of PCP, and using, carrying, and possessing a firearm during a drug trafficking offense. The charges arise from the execution of a search warrant on March 2, 2007, at apartment T-2, 106 Galveston Street, SW, Washington, D.C..

2. Prior to the execution of the search warrant, a confidential source conducted a controlled purchase of PCP from "Mark," inside apartment T-2 at 106 Galveston Street, SW.

3. Following the controlled buy, the confidential source was shown a single photograph of Tyrone West, and identified Mr. West as the "Mark" who sold the source PCP.

4. The government does not intend to introduce evidence of the sale to the confidential source at trial. Instead, the government intends to proceed only on the evidence recovered during execution of the search warrant.

5.   However, in rebuttal, the government might seek to elicit the out of court identification by the source.

6.   Apart from the single photograph shown to the source, counsel has not been informed of any other out-of-court identifications of Mr. West that the government intends to introduce at the trial of Mr. West.

7.   Mr. West moves to suppress the out-of-court identification by the source, and any in-court identifications from the same witness.

ARGUMENT

The Fifth Amendment to the United States Constitution prohibits the admission of evidence of eyewitness identifications which occur in unnecessarily and therefore impermissibly suggestive circumstances. *Simmons v. United States*, 390 U.S. 377, 384 (1968); *Stovall v. Denno*, 388 U.S. 293, 302 (1967). The Supreme Court mandates that when unnecessarily suggestive identification procedures give rise to a substantial likelihood of misidentification, the identification should be suppressed. *See Neil v. Biggers*, 409 U.S. 188, 198 (1972).

The source identified Mr. West after being shown a picture of only Mr. West. This identification procedure is suggestive in and of itself. *See Manson v. Brathwaite,* 432 U.S. 98 (1977) (showing a single photo is highly and unnecessarily suggestive absent compelling circumstances); *Mason v. United States*, 134 U.S. App. D.C. 280, 414 F.2d 1176 (1969).

A determination that the identification occurred under highly suggestive circumstances is only one step in deciding whether an out-of-court identification should be suppressed. Reliability is the linchpin in determining the admissibility of identification

testimony, and the Court must look to the totality of circumstances in determining reliability. *Manson v. Brathwaite*, 432 U.S. at 114; *Neil v. Biggers*, 409 U.S. at 199 (reliability factors include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation).

In this case, the corrupting effect of the suggestivity is not outweighed by the criteria for a reliable identification. Consideration of the expected identification testimony in this case, when viewed in light of the factors set forth above, and weighed against the "corrupting effect of the suggestive identification itself," will demonstrate that the testimony is not sufficiently reliable to be admissible, both as a matter of due process, *id.*, and as a matter of common law of evidence as it has developed in this jurisdiction.

When an out-of-court identification is unduly suggestive and unreliable, the government can elicit an in-court identification only if there is a source independent of that suggestive pre-trial identification to support the in-court identification. *United States v. Wade*, 288 U.S. 218, 239-41 (1967). Here, counsel is not aware of any sufficient independent source for an in-court identification of Mr. West. Thus, once the Court finds the alleged out-of-court identifications unreliable, it should preclude the government from eliciting an in-court identification of the defendant.

The defendant is entitled to an evidentiary hearing at which he will have the opportunity, through counsel, to cross-examine the government witnesses on matters relating

to the reliability of their photo identifications. In *Clemons v. United States*, the court of appeals held:

> Whenever the prosecutor proposes to make eyewitness identification a part of its case, the defense is entitled to know, through disclosure by the prosecutor or by evidentiary hearing outside the presence of the jury, the circumstances of any pretrial identification ... Where the prosecution intends to offer only an in-court identification, the defense may challenge its admissibility. The court should then, in facts elicited outside the presence of the jury, rule upon whether the in-court identification by the same eyewitness is a violation of the due process or the right to counsel.

133 U.S. App. D.C. 27, 34, 408 F.2d 1230, 1237 (1968), *cert. denied*, 394 U.S. 964 (1969).

Accordingly, this Court should conduct a hearing both on the suggestivity and the reliability of the identification procedure.

Respectfully submitted,

_____
Nikki Lotze
Counsel for Mr. West
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland  20737
(301) 699-0764

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Suppress Identification Evidence has been delivered by facsimile and by mail to: AUSA Edward O'Connell; Office of the United States Attorney; 555 Fourth Street, NW; Washington, D.C. 20530, this _____ day of _____ 2007.

_____
Nikki Lotze

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | 07-cr-121 (TFH) |
| | : | |
| TYRONE WEST | : | |

PROPOSED ORDER

Upon consideration of the Defendant's Motion to Suppress Identification Evidence, and any opposition thereto, it is hereby

ORDERED that the motion is GRANTED.

_____
Honorable Thomas F. Hogan

cc:
Nikki Lotze
Roberts & Wood
6801 Kenilworth Avenue
Suite 202
Riverdale, MD 20737

AUSA Edward O'Connell
Office of the U.S. Attorney
555 Fourth Street, NW
Washington, D.C. 20530