UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No.  07-121 (TFH) |
| v. : | |
| : | |
| TYRONE WEST : | |
| : | Motions Hearing Date: November 2, 2007 |
| Defendant. : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Opposition to the Defendant's Motion To Suppress Identification. In support of its opposition, the United States relies on the following points and authorities, and such other points and authorities as may be cited at any hearing on this matter:

Factual Background

The defendant is charged by indictment with Possession With Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B)(iii), Possession With Intent to Distribute 100 Grams or More of Phencyclidine, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A)(iv), and Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1).

These charges stem from the execution of a search warrant on March 2, 2007, at the defendant's residence at 106 Galveston Street SW, Apartment T2, Washington, DC. The affidavit in support of that search warrant was based, in large part, on the observations of a

confidential police informant ("CI"). Within fourteen days prior to the execution of the search warrant, the CI informed law enforcement officers that an individual known to the CI as "Mark" who lived at 106 Galveston Street SW, Apartment T2, was secreting distributable size quantities of liquid PCP inside of the apartment, and that "Mark" was also distributing PCP from the apartment. Within three days before the warrant was executed, the CI conducted an undercover purchase of a quantity of PCP from "Mark" at 106 Galveston Street SW, Apartment T2. Following this operation, the CI was shown a single photograph of the defendant, Tyrone West, and asked if the CI knew the person in the photograph. The CI responded that the photograph was that of "Mark," the individual who had just sold the PCP to the CI.

Police officers executing the search warrant at the defendant's residence recovered 27.3 grams of crack cocaine, a total of 396.3 grams of PCP, two loaded pistols, ammunition of three different calibers, drug paraphernalia and paperwork in the names of the defendant, Tyrone West, as well as in the name of Mark West. The apartment was found to be a one bedroom apartment that appeared to be occupied by a single man.

Argument

In his Motion, the defendant argues that the identification procedure was both unduly suggestive and that "the corrupting effect of the suggestivity is not outweighed by the criteria for a reliable identification." Defendant's Motion (Document 15) at 3. The defendant's motion lacks merit and should be denied.

While the government does not intend to call the CI as a witness in its case in chief, nor does the government intend to introduce the CI's identification of the defendant as the "Mark"

who sold PCP to the CI from the defendant's apartment, the identification procedure was nevertheless proper and would be admissible in this case. The government reserves the right to introduce the identification procedure in rebuttal if identification is made an issue in the case. To do so would be wholly appropriate, as the identification procedure was not unduly suggestive. Even if it were unduly suggestive, under the totality of the circumstances, the identification was sufficiently reliable to preclude a substantial likelihood of misidentification.

In assessing whether a particular identification procedure violated due process, this Court undertakes an inquiry as explained by the Supreme Court in Neil v. Biggers, 409 U.S. 188, 196-201 (1972). First, this Court must determine whether the identification procedure was unduly suggestive. Manson v. Brathwaite, 432 U.S. 98, 109 (1977) (upholding the admissibility of identification procedure using a single photograph). If this Court finds no undue suggestivity, the identification is admissible and no further finding is required. See Neil v. Biggers, 409 U.S. at 196-200; cf. Scales v. United States, 687 A.2d 927, 936 (D.C. 1996) ("No reliability determination is required unless the trial court has determined that the eyewitness identification was unduly suggestive.").

If, however, this Court finds that the identification procedure was unduly suggestive (not merely suggestive), then the Court examines whether, under the totality of the circumstances, the identification was sufficiently reliable to preclude a substantial likelihood of misidentification. See Manson, 432 U.S. at 113-116. Factors to consider whether the identification remained reliable despite undue suggestive pretrial procedures include the following:

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the

>criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation.

Id. at 114.

In this case, the identification procedure was not unduly suggestive. According to the affidavit in support of the search warrant executed on March 2, 2007, as will be elaborated by testimony on a hearing of the defendant's motion, the CI was already familiar with the defendant. Prior to the controlled purchase that formed the basis for probable cause for the warrant to issue, the CI already knew that: 1) the person the CI knew to be "Mark" resided at 106 Galveston Street SW, Apartment T2; 2) "Mark" kept PCP hidden in his apartment; and 3) "Mark" sold PCP from that apartment. Immediately following the undercover purchase that formed the basis of probable cause for the warrant, the CI was shown the single photograph of the defendant and asked an open-ended question, one not suggesting any answer. That is, when shown the photograph, the CI was asked if the CI knew the person in the photograph. The CI responded that the photograph was that of "Mark," the person from whom the CI had purchased drugs only a short time prior to the identification procedure. It is clear that the CI knew the defendant well.

There was nothing suggestive about this identification. Moreover, it is highly significant that this identification was not one made by a witness describing a stranger-on-stranger encounter. Rather, because the CI knew the defendant well, the likelihood of a misidentification is virtually non-existent. When a witness knows a defendant well, "there [is] no danger of misidentification." United States v. Anderson, 490 F.2d 785, 787 (D.C. Cir. 1974); cf. United States v. Washington, 12 F.3d 1128, 1134 (D.C. Cir.), cert. denied, 513 U.S. 828 (1994) (involving single photograph identification procedure); United States v. Bruner, 657 F.2d 1278,

1295 (D.C. Cir. 1981) (involving photo spread identification); United States v. James, 494 F.2d 1007, 1024-1025 (D.C. Cir. 1973) (involving voice identification from listening to audio tapes of defendant's conversations).

In sum, the identification procedure was not unduly suggestive, and therefore did not violate due process. Even assuming, arguendo, that the identification procedure was unduly suggestive, the identification was nevertheless sufficiently reliable to guard against misidentification. A review of the factors set forth in Manson demonstrates the following: First, the CI had a substantial opportunity to view the defendant. Because the CI already knew the defendant well enough to enter the defendant's apartment and conduct a narcotics transaction, it is clear that the CI and the defendant must have already had numerous encounters with one another. Importantly, because the encounter described in the affidavit was amicable, it was not associated with the stresses of a victim of a violent crime that typically call into question an identification's reliability. Moreover, as will be shown by testimony on a hearing of this motion, the CI demonstrated a high degree of attention, having met the defendant on several occasions and remembering details about his appearance. Further, during the identification procedure the CI did not hesitate in making the identification. Finally, no significant period of time elapsed between the CI's opportunity to observe the defendant and the identification. Viewed in light of these factors, it is clear that the identification was sufficiently reliable. Accordingly, the defendant's motion should be denied.

WHEREFORE, the government respectfully moves that the defendant's motion be DENIED.

                                              Respectfully submitted,

                                              JEFFREY A. TAYLOR
                                              United States Attorney

BY:                  /S/
                            EDWARD A. O'CONNELL
                            Assistant United States Attorney
                            D.C. Bar Number 460233
                            Organized Crime and Narcotics Section
                            555 4th Street NW
                            Room 4122
                            Washington, DC 20530
                            (202) 514-6997
                            Fax: (202) 514-8707