**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 07-121 (TFH)** |
| **v.** | : | |
| | : | |
| **TYRONE WEST** | : | |
| | : | **Motions Hearing Date: November 2, 2007** |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR ORDER COMPELLING DISCLOSURE OF IDENTITY OF ITS INFORMANT, AND FOR THE COURT TO CONDUCT *IN CAMERA* INTERVIEW WITH PARTICIPATION OF COUNSEL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Opposition to the Defendant's Motion For an Order Compelling Disclosure of the Identity of the government's Informant, and for The Court to Conduct an In Camera Interview With the Participation of Counsel. In support of this motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at any hearing on this matter:

Factual Background

The defendant is charged by indictment with Possession With Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B)(iii), Possession With Intent to Distribute 100 Grams or More of Phencyclidine, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A)(iv), and Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1).

These charges stem from the execution of a search warrant at 106 Galveston Street SW, Apartment T2, Washington, DC, on March 2, 2007. The affidavit in support of that search warrant was based, in large part, on the observations of a confidential police informant ("CI"). Within fourteen days prior to the execution of the search warrant, the CI informed law enforcement officers that "it" knew an individual known to the CI as "Mark," who lived at 106 Galveston Street SW, Apartment T2, was secreting distributable size quantities of liquid PCP inside of the apartment, and that "Mark" distributed PCP from the apartment. Within three days before the warrant was executed, the CI conducted an undercover purchase of a quantity of PCP from "Mark" at 106 Galveston Street SW, Apartment T2. Following this operation, the CI was shown a single photograph of the defendant, Tyrone West, and asked if the CI knew the person in the photograph. The CI responded that the photograph was that of "Mark," the individual who had just sold the PCP to the CI.

Police officers executing the search warrant at the defendant's residence recovered 27.3 grams of crack cocaine, a total of 396.3 grams of PCP, two loaded pistols, ammunition of three different calibers, drug paraphernalia and paperwork in the names of the defendant, Tyrone West, as well as in the name of Mark West. The apartment was found to be a one bedroom apartment that appeared to be occupied by a single man.

Argument

The defendant now moves this Court to compel disclosure of the identity of the government's confidential informant. According to the defendant, the CI will "on information and belief, identify someone other than [the defendant] as 'Mark,' who possessed and distributed

PCP." Defendant's motion (Document 14) at p. 5. As the defendant's claim of what the informant would testify to does not relieve the defendant of culpability for possessing the drugs or weapons on the day of the search warrant's execution, the defendant fails to demonstrate his need to learn the informant's identity. Accordingly the defendant's motion must fail.

The federal courts' hesitation to compel disclosure of an informant's identity implicitly recognizes that the government's interest in concealing its informants' identities is an important one. As the Supreme Court has noted, informants play a critical role in law enforcement operations because the police depend upon them to obtain information that otherwise is not available. Informants, in turn, depend upon continued confidentiality of their identities as an incentive for providing this needed information: "'Whether an informer is motivated by good citizenship, promise of leniency or prospect of pecuniary reward, he will usually condition his cooperation on an assurance of anonymity - to protect himself and his family from harm, to preclude adverse social reactions and to avoid the risk of defamation or malicious prosecution actions.'" McCray v. Illinois, 386 U.S. 300, 307 (1967) (quoting 8 Wigmore Evidence § 2374 (McNaughton rev. 1961)). The government's privilege to withhold informants' identities absent a compelling showing of relevance and utility represents a balancing of these important interests with the defendant's right to a fair trial.

The defendant cannot overcome these important governmental interests because he offers only a dubious, attenuated theory for why he needs to learn the informant's identity. By claiming that a different person other than the defendant may be the "Mark" who sold PCP to the informant prior to the execution of the search warrant on the defendant's residence, the defendant makes a case for disclosure based upon "third-party culpability." Not only is this not a basis to

reveal the identity of the confidential informant, it is not even a defense to the crimes with which the defendant is charged. Assuming his speculation is correct that another individual had access or even use of the contraband in this case, that fact in no way diminishes the culpability of this defendant. This is especially true in a situation, as here, where large amounts of drugs, drug paraphernalia, and weapons are found. The defendant's assumption that only one person could possibly be in either actual or constructive possession of this contraband is simply not correct. Therefore, if the defense does not establish a lack of culpability for the defendant, the means for establishing such defense are necessarily irrelevant.

This issue of third-party culpability as it relates to the defendant's culpability has been addressed by several courts. In Johnson v. United States, 552 A.2d 513 (D.C. 1989) the DCCA referred to evidence that someone other than the defendant committed the charged crimes. "In this regard, our focus is on the effect the evidence has upon the defendant's culpability, and not the third party's culpability." Id. at 516. See also McCoy v. United States, 760 A.2d 164 (D.C. 2000). In this regard the courts appear to consider primarily three factors in determining whether the evidence should be admitted: (1) whether the third party's guilt would establish the defendant's innocence; (2) the strength of the nexus between the third party and the crime; (3) the relative strength of the evidence that the third party committed the crime compared with the evidence that the defendant committed the crime. United States v. Cabrerra, 80 F.3d 558 (D.C. Cir. 1996). These courts were addressing the issue as it relates to the admissibility of such third-party culpability evidence in trial. However, the basic principle applies here as well. Even if true, such third-party culpability evidence as that which the defendant it attempting to elicit through the confidential informant in this case fails to establish that someone other than the

defendant committed the charged crimes. It certainly fails to establish the defendant's innocence and, at best, would establish the guilt of another person in addition to the defendant.

As counsel is well aware, more than one person may possess a single item. See, e.g., United States v. Joseph, 892 F.2d 118, 125 (D.C. Cir. 1989). In order to prove possession, the government must establish that the defendant had knowledge of an object's presence and the ability and intent to exercise "dominion and control" over it. United States v. Harrison, 931 F.2d 65, 71 (D.C. Cir.), cert. denied, 502 U.S. 953 (1991); United States v. Dunn, 846 F.2d 761, 763 (D.C. Cir. 1988). Control may be exercised exclusively or jointly with other individuals. Where control of an object is jointly held, more than one individual may have it in his possession. Dunn, 846 F.2d at 763. Even if the informant did purchase the drugs from someone other than the defendant, the defendant could still be found guilty of these offenses.

In United States v. Stewart, 770 F. 825 (9th Cir. 1985), a defendant attempted to introduce evidence including drugs and drug paraphernalia seized from the residence of his co-defendant. While the Court recognized the premise that a defendant is entitled to demonstrate his innocence by showing that someone else committed the crime, it did not allow the defendant's requested evidence to be admitted. The Court stated: "The difficulty here is that the evidence [the defendant] sought to introduce was only slightly relevant, if at all, and was clearly collateral to the central issues of the trial . . . . The paraphernalia might have tended to show that [the co-defendant] was a drug distributor, but it did not show that [the defendant] was not a distributor." Id. at 830. Here, the defendant seeks to use the same tactic that the defendant in Stewart attempted. That is, the defendant seeks to elicit, through the confidential informant, that some other "Mark" is a drug distributor. However, even if such evidence might tend to show that

the other "Mark" is a distributor, it does not show that this defendant is not a distributor.

Even if the defendant's claim were valid, he would not be entitled to learn the identity of the government's informant. In making the determination whether disclosure of an informant's identity to a defendant is necessary, the Court must balance the public's interest in law enforcement and protecting the informant's identity against the defendant's right to prepare a defense. See United States v. Jefferson, 593 F. Supp. 85, 89 (D.D.C. 1984); Rovario v. United States, 353 U.S. 53, 62 (1957). In striking this balance, the government is not required to disclose the identity "'of an informant who was not an actual participant in or a witness to the offense charged.'" United States v. Warren, 42 F.3d 647, 654 (D.C. Cir. 1994) (quoting United States v. Skeens, 449 F.2d 1066, 1071 (D.C. Cir. 1971)). Accordingly, it is the defendant's "'heavy burden . . . to establish that the identity of an informant is necessary to [the] defense.'" Id. (quoting Skeens, 449 F.2d at 1070). Moreover, mere "[s]peculation as to the information the informant may provide is insufficient." Id., see also United States v. Bowser, 941 F.2d 1019, 1022 (10th Cir. 1991) (court did not err in refusing to compel government to disclose identity of confidential informant where informant did not testify at trial, was not a percipient witness, and where defendant failed to show that he suffered prejudice by the ruling).

"In order to 'overcome the public interest in the protection of the informer,' the defendant is obligated to show that the informer was 'an actual participant in or a witness to the offense charged,' whose identity is 'necessary to the defense.'" United States v. Magnum, 100 F.3d 164, 172 (D.C. Cir. 1996) (quoting Skeens, 449 F.2d at 1070-71). As is clear from the affidavit in support of the search warrant, the confidential informant is this case was not an actual participant nor a witness to the offense charged and thus, defendant has failed to carry his burden; therefore,

his motion should be denied.

In United States v. Warren, supra, 42 F.3d at 654, the D.C. Circuit found that the District Court had "properly exercised its discretion in this case because [the defendant's] need for the informant's identity failed to outweigh the government's interest in preserving a reliable confidential informant." Id. Warren also presented a similar fact scenario as the instant case: a defendant sought to compel the disclosure of the confidential informant who had supplied the information that drugs were present at defendant's apartment. Id. at 650. In making this ruling, the D.C. Circuit stated:

> First, as was the case in Skeens, here, nothing in this record establishes that the informant was a participant, an eyewitness, or a person who was otherwise in a position to give direct testimony concerning the crime. All of the criminal offenses for which [the defendant] was charged arose from the . . . search of the apartment where he was arrested. The informant was not present during that search. Instead, as in other cases where we have affirmed decisions to withhold a confidential informant's identity, the informant's role was limited to providing the information that justified issuance of the search warrant. . . .] [W]e recognize that the informant's testimony might have been helpful to [the defendant]. . . . However, we believe the District Court properly assessed the significance of the informant's potential testimony. [The defendant] can only speculate that the informant would have testified that [the defendant] played no role in the controlled drug buy . . . . As we have noted, the informant had a long record of usefulness in assisting the police in ferreting out illegal drug activity, and always had proven reliable.

Id. at 654-55 (citations omitted).

In basing his claim for disclosure of the confidential informant on Roviaro v. United States, 353 U.S. 53 (1957), the weakness of defendant's argument is revealed. As the D.C. Circuit has repeatedly ruled, "Roviaro does not require disclosure of an informant who was not an actual participant in or a witness to the offense charged." Warren, 42 F.3d at 654 (quoting Skeens, 449 F.2d at 1071). Here, the confidential informant was neither a participant nor a

witness to the defendant's constructive possession of the drugs, weapons and other evidence seized by police. As the defendant can only speculate as to the informant's testimony, his motion must be denied, because "speculation cannot overcome the government's strong interest in preserving the confidentiality of this informant." Warren, 42 F.3d at 655.

One additional factor to be considered is the personal safety of the informant. Courts will not order disclosure where such disclosure will place the informant in personal danger and the prospective testimony is not exculpatory. United States v. Pelton, 578 F.2d 701, 707-708 (8th Cir. 1978), cert. denied, 439 U.S. 964 (1979). There is certainly nothing exculpatory about the prospective testimony of the informant as claimed by the defendant. In fact, as the defendant asserts, the entire basis for the disclosure of the confidential informant is not to exculpate the defendant but to inculpate another individual.

Another factor is the distinction between informants who are "tipsters" and those who are "participants." Disclosure of the identity of passive "tipsters" is often not required while the identities of "participants" may be revealed. Disclosure is not required where the informant plays no role or only a small or passive role in the offense charged, has no firsthand information, or where his potential disclosures are already known to the defendant. See United States v. Price, 783 F.2d 1132, 1138 (4th Cir. 1986); United States v. Moreno, 588 F.2d 490, 494 (5th Cir.), cert. denied, 441 U.S. 936 (1979); Rovario v. United States, supra, 353 U.S. at 62. In this case, the informant was not present when the search warrant was executed; therefore, the informant cannot provide any information whatsoever relating to the execution of the warrant and the recovery of the incriminating evidence.

Given the speculative nature of the defendant's claim that the informant in this case was a participant in, or witness to, the offense charged, this Court should find that society's interest in protecting the informant's identity clearly outweighs the defendant's need for that information in this case.

WHEREFORE, the government respectfully moves that the defendant's motion be DENIED.

                                                Respectfully submitted,

                                                JEFFREY A. TAYLOR
                                                United States Attorney

BY:                   /S/
                                                EDWARD A. O'CONNELL
                                                Assistant United States Attorney
                                                D.C. Bar Number 460233
                                                Organized Crime and Narcotics Section
                                                555 4th Street NW
                                                Room 4122
                                                Washington, DC 20530
                                                (202) 514-6997
                                                Fax: (202) 514-8707