# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No.  07-1215 (TFH) |
| v. | : | |
| | : | |
| TYRONE ANTHONY WEST, | : | |
| | : | Trial Date: November 6, 2007 |
| Defendant. | : | |

## GOVERNMENT'S PROPOSED VOIR DIRE, STATEMENT OF THE CASE, PRELIMINARY AND FINAL JURY INSTRUCTIONS, AND VERDICT FORM

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following proposed voir dire, statement of the case, preliminary and final jury instructions, and verdict form.

## PROPOSED VOIR DIRE

Introduction

Good morning, Ladies and gentlemen, I am Chief Judge Thomas F. Hogan, and I will be the presiding judge in this case.  You have been called to the courtroom for possible selection as jurors in a criminal case entitled United States v. Tyrone Anthony West.  Mr. West is charged with offenses which I will review with you in a moment.

Would you all please stand so that you can be sworn in by the Deputy Clerk, and then we will proceed.

## [SWEARING IN]

The procedure of jury selection is called the voir dire process, and the object is to select twelve (12) jurors and two (2) alternates who have no prior knowledge concerning this case and

no bias toward either side in this case.  In short, it is our aim to select a jury that will reach a

verdict based solely upon the evidence presented in this courtroom and the law as I instruct you.

During this voir dire process, you will be introduced to all of the participants in the trial and I

will ask you a series of questions.

        The words voir dire are a legal term which comes from the French and means to speak

truthfully, and the origin of voir dire helps explain its purpose.  It is the time at the beginning of a

trial when a jury is selected and when I will ask you some questions that the lawyers and I think

will be helpful to us in selecting a fair and impartial jury.  You, of course, are bound by the oath

you've just taken to speak truthfully in response to those questions.

        Now, as I just said, the reason for asking the questions is to help the parties and the Court

select a jury that will be fair and impartial, that will make a decision based only on the evidence

presented in the courtroom, and that will follow my instructions and will be fair to both sides.

        You should have a little card and a pencil, hopefully.  I would ask, if you haven't done so,

that on one side of the card you put your juror number.  As I go through each of these questions,

if your answer is yes or if you think you have some information to provide in response to the

question, just write down the number of the question.  So don't write all of them down, just write

down the ones for which you answer yes and have some information to provide to the court and

counsel.

        I will go through each question very carefully.  If you want me to repeat it, please raise

your hand.  If you want me to go over it again because you didn't hear or understand it, please

raise your hand.

        Also as we go through this, if you remember information in response to an earlier

question and you can't remember the number, there is sort of a catchall question at the end so you

can just put that one down and then we can go back over what other information you have.  The

card is used just as a reminder for you of which questions you answered "yes" to when I went

through them all.

We're going to be asking you, from your perspective, what may appear to be some

personal questions to attempt to get your viewpoints about things, and it's important that you be

very straightforward with us and tell us your views.  Your responses  will make it easier for us to

be able to select a jury.  So I would hope that you would not view this as being intrusive.  It is

something that's important for counsel and for the Court to consider in deciding who should be

on the panel in terms of whether people are going to be able to be impartial.  You will not have to

discuss your answers in front of everyone in court; at the end of the process I will be calling each

of you to the bench one by one, where we will discuss your answers individually.

## PROPOSED STATEMENT OF THE CASE

This is a criminal case.  The defendant Tyrone Anthony West is charged with having

committed the following offenses:  Unlawful Possession With Intent to Distribute 5 Grams or

More of Cocaine Base on March 2, 2007; Unlawful Possession With Intent to Distribute 100

Grams or More of Phencyclidine on March 2, 2007; and Using, Carrying and Possessing a

Firearm During a Drug Trafficking Offense on March 2, 2007.

The charges in this case arise as a result of a search warrant that was executed by

members of the United States Park Police, on March 2, 2007 at 106 Galveston Street, SW,

Apartment T-2, Washington, DC.  At that time, the defendant was the leaseholder and sole

occupant of that apartment.

Neither the defendant nor anyone else was present in the apartment when the warrant was executed on March 2, 2007.

The defendant's apartment is a one bedroom, one bathroom unit with the bathroom inside of the bedroom.

During the execution of the search warrant, police officers recovered 27.3 grams of crack cocaine and several bottles of PCP, totaling 396.3 grams. Also recovered were two loaded pistols, a .357 Magnum and a 9mm. Also recovered was $6,320 in currency, paperwork identifying the defendant, Tyrone West, and an assortment of drug paraphernalia such as small ziplock bags, measuring cups and funnels, razor blades with residue, rubber gloves, a digital scale, and baking soda.

## VOIR DIRE

1.    Given the information that I just told you, do you think that you may know anything about the facts and circumstances of this case?

2.    I am Chief Judge Hogan, and I will be the presiding judge in this case. Assisting me are Harold Smith, the Deputy Clerk; _____, the court reporter who keeps a record of the proceedings for me and the litigants; and one of my law clerks, _____. Do you know or think that you recognize any of us?

3.    The United States is represented in this case by Assistant United States Attorney Edward O'Connell. Do you know or think that you recognize the prosecutor, Mr. O'Connell. The attorney representing Mr. West is Nikki Lotze. Do you know or think that you recognize

Ms. Lotze?

4.      Do you know or think that you recognize the defendant, Mr. Tyrone Anthony West?

5.      Do you know or think that you recognize any member of the panel, for example from work, school, socially, prior jury service, or around the neighborhood?  Please take a look around to be sure.

6.      The government alleges that the events set forth in the indictment occurred in the area of 106 Galveston Street SW, Washington DC.  Do any of you live near, work near, or have anything other than a general familiarity with this location?

7.      a)      The government may call some or all of the following persons as witnesses, who Mr. O'Connell will now identify.  Not all of these witnesses will necessarily testify.  Do you know or think that you recognize any of these proposed witnesses?

        b)      The defense may call some or all of the following persons as witnesses, whom Ms. Lotze will now identify, although the defense is not required to call any witnesses.  Do you know or think that you recognize any of these proposed witnesses?

8.      In a criminal trial, the defendant does not need to testify, call any witnesses, or produce any evidence whatsoever to prove his innocence.  Would you have any difficulty at all in applying this principle of law?

9.      A fundamental principle of our legal system is that when a person is charged with a criminal offense, he is presumed to be innocent.  The presumption of innocence can only be overcome if the government proves the defendant's guilt beyond a reasonable doubt. Would you have any difficulty at all in applying this principle of law?

10.    Because Mr. West is presumed innocent, he need not testify, nor offer any evidence.  Would you view his and his attorney's decision not to put on evidence, as evidence of guilt?

11.    To reach a verdict, every juror must agree on the verdict.  That is, any verdict must be unanimous.  In deliberations you must consider the opinions and points of your fellow jurors.  In the final analysis, however, you must follow your own conscience and be personally satisfied with any verdict.

a)  Would you have any difficulty at all in expressing your own opinions and thoughts about this case to your fellow jurors?

b)  Do you feel that you would tend to go along with the majority of jurors, even if you did not agree, just because you were in the minority?

12.    Do you have any beliefs regarding the trustworthiness of law enforcement agents or officers as a general matter, such that you would tend to give either more or less weight to, or tend to believe or disbelieve, the testimony of a law enforcement agent or officer simply because of his or her status as a law enforcement agent or officer?

13.    Have you ever served on a Grand Jury?

[*Follow-up at the bench:  Do you understand that the standard of proof for conviction at trial is beyond a reasonable doubt, which is a higher standard of proof required to indict, which is probable cause?  Would you have any difficulty at all in applying the correct standard as I define it for you at the close of this case?*]

14.    Have you ever served as a juror in a criminal case in a federal court, in District of Columbia Superior Court, or in a court located somewhere else?

*[Follow-up at the bench: What kind of cases, and was the jury able to reach a verdict in each case? Was there anything about that experience -- whether it involved the lawyers, the judge, the defendant, the evidence, or your jury deliberations -- that makes you feel that you would have trouble being fair and impartial, or would otherwise make it difficult for you to serve as a juror in this case?]*

15.     Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for any type of law enforcement agency? This would include, among others, the Federal Bureau of Investigation, the Drug Enforcement Administration, the Metropolitan Police Department, the U.S. Marshal's Service, the Secret Service, the U.S. Park Police, the Postal Inspectors, the Military Police, the CIA, the IRS, Department of Homeland Security or other law enforcement agencies. Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such organization, or are planning to in the near future.

*[Follow-up at the bench: What was the nature of the work? Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses? Would that experience affect your ability to be fair and impartial in this case? Would it otherwise make it difficult for you to sit as a juror in this case?]*

16.     Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for a prosecutor's office? That can include the Department of Justice, a United States Attorney's Office, the Office of Attorney General for the District of Columbia, (formerly the Office of the Corporation Counsel), or any state, county, commonwealth or district

attorney's office.  Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such organization, or are planning to in the near future.

[*Follow-up at the bench: What was the nature of the work?  Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses?  Would that experience affect your ability to be fair and impartial in this case?  Would it otherwise make it difficult for you to sit as a juror in this case?*]

17.    Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for a prison, jail, or department of corrections?  Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such organization, or are planning to in the near future.

[*Follow-up at the bench:  What was the nature of the work?  Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses?  Would that experience affect your ability to be fair and impartial in this case?  Would it otherwise make it difficult for you to sit as a juror in this case?*]

18.    Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for a criminal defense lawyer, the Federal Public Defender Service, the District of Columbia Public Defender Service, or similar organization, or been involved in any way in the defense of a criminal case?  Please also answer "yes" to this question if you (or any of your household members or close friends and relatives)  have ever applied for a job with any

such individual or organization, or are planning to in the near future.

[*Follow-up at the bench: What was the nature of the work?  Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses?  Would that experience affect your ability to be fair and impartial in this case?  Would it otherwise make it difficult for you to sit as a juror in this case?*]

19.    Have you (or any of your household members or close friends and relatives) ever studied law or had any legal training?  This would include law school, paralegal training, or any post-graduate legal training.

20.    Have you (or any of your household members or close friends and relatives) ever worked at a courthouse or for a court system, in any capacity, including as a probation or parole officer?  Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job at any such organization, or are planning to in the near future.

[*Follow-up at the bench: What was the nature of the work?  Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses?  Would that experience affect your ability to be fair and impartial in this case?  Would it otherwise make it difficult for you to sit as a juror in this case?*]

21.    Have you (or any of your household members or close friends and relatives) ever been a witness to, a victim of, accused of, arrested for, or convicted of, any crime?  For purposes of this question, do not include minor traffic violations.

22.     Have you ever belonged to or participated in any crime prevention groups, such as neighborhood watch organizations, "orange hat" groups, or any other crime prevention groups?

23.     Have you (or any of your household members or close friends and relatives) ever had an experience with law enforcement, prosecutors, police officers, or the court or court system, including traffic violations, that would make it difficult for you to be a fair and impartial juror in this case?

24.     Do you, because of the reported crime situation in Washington, DC, or because of the reported incarceration rate in Washington, DC, think that your own concerns or feelings would make it difficult to consider the evidence surrounding a criminal charge or to reach a verdict in a criminal case?

25.     The offenses in this case involve the alleged unlawful possession with intent to distribute illegal drugs.  Do you feel that, because of the nature of the charges in this case, it might be difficult for you to sit as a juror?

26.     Do you have an opinion or feeling about the possession of drugs, or laws dealing with the possession of drugs, that would make it difficult to render a fair and impartial verdict based solely upon the evidence presented during the trial, such as a belief that drug possession should be legalized?

27.     This trial is expected to last approximately three days; the length of deliberations is determined by the jury itself.  Do you have an urgent or extremely important matter to attend to this week such that you could be faced with a hardship if selected for the jury in this case?

28.     Do you have any moral, religious, or philosophical beliefs that would make it

difficult for you to render a judgment in this case based solely upon the evidence presented during the trial?

29.     The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might or might not be.  Would you have any difficulty at all in following this principle?

30.     Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court.  Would you for any reason not be able to accept and follow my instructions regarding the law?

31.     Do you have any vision or hearing problems, or are you sitting next to someone whom you believe may have a hearing problem or trouble understanding the English language? Do any of you suffer from any illness that would make it difficult for you to sit as a juror?  Are any of you presently taking any medication that causes drowsiness, confusion or discomfort?

32.     Is there any reason or issue, not already raised, that might interfere with your ability to treat both sides fairly and arrive at a fair and impartial verdict, or that causes you to feel you should not sit as a juror in this case?

33.     Finally, do any of you know of any other reason why you cannot sit as a juror in this case and be fair to both sides, and render a fair and impartial verdict based upon the evidence and the law as you shall hear it?

That concludes the questions.  If anyone did not hear a question completely, or needs to have it explained or repeated, please raise your hand.

<u>Final Remarks</u>

We know roughly how many jurors we need to talk to in order to have the 12 jurors plus the alternates, including strikes from counsel. And so what I will do is talk to as many people as I need to in order to make sure that I have a sufficient number of jurors. So it may be that we will not need to talk to everybody. I'll be bringing you up one by one. If I don't need to talk to you -- in other words, if I have a sufficient pool to make a selection of the jury, then we will stop at that point, shorten this process and get through it as quickly as we can.

Now what we're going to do is bring you up to the bench here one by one with your card. We will go over the information that you've listed, and have a discussion with you about it.

What I would ask is that if you need to use facilities, you can go outside, they can direct you to them. But please come back promptly. Don't wait around out in the hall. Certainly don't leave the courthouse. What happens is sometimes people stand outside the courtroom and start talking among themselves and it means that the deputy courtroom clerk has to go out and find you. So it's important that if you go out, use the facilities, please come back into the courtroom promptly.

Now, I would ask that you not speculate about the case. I would ask that if you have information that you're going to be providing me, please don't discuss it with your fellow jurors so that you don't create problems for them by telling them something that may excuse you and then may wind up having to excuse them.

You can talk among yourselves, get to know your fellow jurors. This is a nice opportunity to do that. It's a nice cross-section of our community to be able to talk together, get to know your neighbors. There is no problem with that.

What I also ask is that if you do get up, that you look at whoever is on either side of you and where you are -- we put you in order according to the list so we know who you are -- and I ask that you go back to the same seat. Just make sure that you go back to the same place so we keep you in the order that we have you on the list and don't take you out of order.

Now, whether you go outside the courtroom to use facilities or if we wind up taking a lunch break, if you run into any of the witnesses that were introduced to you, I'd ask that you not stop and talk to them about anything. If you're seen talking to them I need to make an inquiry to make sure you are not talking about the case. You are not allowed to talk about the case. You're not allowed to ask them any questions about the case at all.

That goes for the attorneys as well. If you see them out in the hall, cafeteria, wherever, please don't talk to them. Again, if you're seen talking to them, even if you're not talking about the case, I still need to make an inquiry. It takes a lot of extra time. It will prolong this whole process. If you are talking about the case, then it definitely creates a problem and I'm instructing you that you are <u>not</u> to discuss the case.

We want you to come here without getting additional information from somebody else. That way, if you're chosen as a juror you'll be making your decision based on the evidence that's going to be presented to you in the courtroom.

## PROPOSED PRELIMINARY JURY INSTRUCTIONS

All citations are to the Red Book Criminal Jury Instructions unless otherwise noted.

### 1.03          Preliminary Instructions Before Trial

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

### 1.02          Note Taking by Jurors (if applicable)

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. It is my practice to allow jurors to take notes during the trial if they want to, and to have their notes with them during the jury's deliberations. Be mindful that trial transcripts will not be available during deliberations.  I want to emphasize that none of you are required to take notes. Indeed, you should not do so if you think that note taking will distract your attention from the evidence or the testimony of the witnesses. On the other hand, if you think that taking notes might help you remember the testimony of the witnesses and the other evidence in the case, or might make you pay more attention during the trial, you are free to take notes. You should remember that your notes are only an aid to help your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be

influenced by another juror's notes.

Whenever there is a recess in the trial, you should leave your notebooks and pencils on your seats. They will be collected by the clerk and given to me to keep. No one, including myself, will ever look at any of your notes. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notes will be destroyed. Again, neither I nor anyone else will look at any notes you have taken.

### 1.21        Preliminary Instruction to Jury Where Identity of Alternates is not Disclosed

You have probably noticed that there are fourteen (14) of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. In some courtrooms, jurors in seats 13 and 14 are automatically the alternates, but that is not how it works in this courtroom. Instead, we randomly select the alternates' seats at the beginning of each trial from among all the jury seats so that any two seats -- 1 and 8, 10 and 5, 2 and 13, or any other combination -- might turn out to be the seats of the alternates.

I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. Therefore, it is important that all of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone referred to in the testimony or evidence, or anyone else connected with this case in any way, you should tell the

court immediately. You should not tell any other member of the jury about your discovery. If you realize you are acquainted with someone connected with this case while a witness is testifying, you should raise your hand immediately and ask to speak privately to the marshal or with me at the bench.

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case which began when the grand jury returned an indictment. An Assistant United States Attorney will present the evidence in support of the charges in the indictment.

## 1.22    Juror's Recognition of a Witness or Other Party Connected to the Case

At the beginning of the jury selection process, potential witnesses were identified to you by name.  If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone referred to in the testimony or evidence, or anyone else connected with this case in any way, you should tell the court immediately.  You should not tell any other member of the jury about your discovery.  If you realize you are acquainted with someone connected with this case while a witness is testifying, you should raise your hand immediately and ask to speak privately to the marshal or with me at the bench.

## READ OR SUMMARIZE THE INDICTMENT

You should understand clearly that the indictment that I just read or summarized is not evidence.  The indictment is just a formal way of charging a person with a crime in order to bring

him to trial.  You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offenses with which he has been charged.  The defendant has been charged with the following nine crimes: Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base on March 2, 2007; Unlawful Possession with Intent to Distribute 100 Grams or More of Phencyclidine on March 2, 2007; and Using, Possessing and Carrying a Firearm During a Drug Trafficking Offense, on March 2, 2007.

### 4.29        COUNT 1, Possession With Intent to Distribute 5 Grams or More of Cocaine Base

### COUNT 2, Possession With Intent to Distribute 100 Grams or More of Phencyclidine

In Counts 1 and 2 of the indictment, the defendant is charged with possession with intent to distribute a controlled substance.  The essential elements of these offenses, each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant possessed a controlled substance.

### 3.08    Possession Defined

There are two kinds of possession: actual and constructive.  A person has actual possession of something if he has direct physical control over it.  He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or through another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show possession. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the crack cocaine and PCP alone or with someone else.

2. That the defendant possessed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3. That when the defendant possessed the controlled substances he had the specific intent to distribute them. "Distribute" means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return.

4. That the amounts of controlled substances were at least 5 grams of cocaine base, or crack cocaine in Count One, and at least 100 grams of phencyclidine, or PCP, in Count Two.

The law makes crack cocaine and PCP, controlled substances. You must decide whether the materials were crack cocaine and PCP. In doing that, you may consider all evidence that may help you, including exhibits, expert and non-expert testimony.

The government is not required to prove that the defendant knew the precise type of controlled substance that he possessed. The government must prove beyond a reasonable doubt, however, that the defendant knew that he possessed some type of controlled substance.

### COUNT 3, Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense

Count Three of the Indictment charges defendant with using, carrying, and possessing a firearm during and in relation to or in furtherance of a drug trafficking offense. The essential elements of the offense of using, carrying, or possessing a firearm during and in relation to a drug trafficking offense, or in furtherance of such crime, both of which the Government must prove beyond a reasonable doubt, are:

1. That the defendant used, carried, or possessed a firearm; and

2. That he used, carried, or possessed the firearm during and in relation to a drug trafficking offense charged in either Count One or Count Two of the indictment or in furtherance of one of those drug trafficking offenses.

### Definition of "Firearm"

The term "firearm" includes any weapon which will or is designed to or can readily be converted to expel a projectile by the action of an explosion. The government need not prove that the firearm was loaded or operable. Unloaded and inoperable firearms can be a basis for a violation of this section if the other elements of the offense are met. United States v. Ruiz, 986 F.2d 905, 910 (5th Cir.), cert. denied, 510 U.S. 848 (1993); United States v. Coburn, 876 F.2d 372, 375 (5th Cir. 1989).

### Definition of "Carry"

The term "carry"means to bear on one's person.

### Definition of Possession

As stated previously, there are two kinds of possession : actual and constructive.

A person has actual possession of something if he has direct physical control over it.  He has

constructive possession of something when he does not have direct physical control over it, but

knowingly has both the power and the intent at a given time to control it, either by himself or

though another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show

possession.  To prove possession, the government must prove beyond a reasonable doubt that the

defendant had actual or constructive possession of the pistol, alone or with someone else.

### Definition of "in Relation to"

The phrase "in relation to" means that there must be some relation between the firearm

and  the underlying drug offense.  The firearm must have some purpose or effect with respect to

the drug trafficking crime, such as when the gun is carried to protect drugs.  In short, a firearm is

used "in relation to" a drug trafficking crime if the gun facilitates that drug crime in some way or

has the potential of facilitating the drug crime.  You may infer that the use of the firearm is

intended to facilitate the underlying drug trafficking crime, but you are not required to do so.

Smith v. United States, 508 U.S. 223, 238 (1993); United States v. Harris, 959 F.2d 246, 261

(D.C. Cir), cert. denied, 506 U.S. 932 (1992); United States v. Evans, 888 F.2d 891, 895 (D.C.

Cir. 1989), cert. denied, 494 U.S. 10190 (1990).

### Definition of "in furtherance of"

The phrase "in furtherance of" means the act of furthering, helping forward, promoting, or

advancing.  To show that the defendant possessed the firearm "in furtherance" of a drug

trafficking offense, the government must show that a firearm was possessed to advance or

promote the commission of one of the underlying offenses in Count One and Count Two of the indictment.  The mere presence of a firearm in an area where a criminal act occurs does not demonstrate that the firearm is possessed "in furtherance" of a drug trafficking crime.  Rather, the government must prove, through direct or circumstantial evidence, that the firearm was possessed to advance or promote or facilitate the criminal activity.  United States v. Wahl, 290 F.3d 370, 376 (D.C. Cir. 2002).

Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt.  The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial.  The law does not require a defendant to prove his innocence or to produce any evidence.  If you find that the government has proven beyond a reasonable doubt every element of the offenses with which the defendant is charged, it is your duty to find him guilty.  On the other hand, if you find that the government has failed to prove any element of the offenses beyond a reasonable doubt, you must find the defendant not guilty.

As I explain how the trial will proceed, I will refer to the "government" and to the "defendant."  When I mention the "government," I am referring to the person who is presenting the evidence in support of the charges contained in the indictment.  In this case, it is the Assistant United States Attorney, Mr. O'Connell.  When I mention the defendant, I am referring either to the defendant Mr. West or to his attorney, Ms. Lotze.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements.  If the government makes an opening statement it must do so at the

beginning of its case.  The defendant may make an opening statement immediately after the government's opening statement, or may wait until the beginning of the defendant's case.  The defendant does not have to make any opening statement.  The opening statements are only intended to help you understand the evidence that the lawyers expect will be introduced.  The opening statements are not evidence.

After the opening statement or statements, the government will introduce evidence to support the charges in the indictment.  After the government presents its evidence, the defendant may present evidence, but he is not required to do so.  The law does not require a defendant to prove his innocence or to produce any evidence.


**1.07            Question Not Evidence**

During the course of the trial, the lawyers will ask the witnesses questions.  Sometimes a lawyer's question suggests that something is a fact.  Whether or not something is a fact depends on the witness' answer -- not the lawyer's question.  A lawyer's question is not evidence.

At the end of all of the evidence, each side will have an opportunity to make a closing argument in support of its case.  The lawyers' closing arguments, just like their opening statements, are not evidence in this case.  They are only intended to help you understand the evidence.

Finally, at the end of the evidence and after both sides have finished closing arguments, I will tell you in detail about the rules of law that you must follow when you consider what your verdict shall be.  Your verdict must be unanimous; that is, all twelve jurors must agree on the verdict.

At the end of all the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case.  Then each party will have a chance to present oral arguments in support of its case.  The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements, are not evidence in this case.  They are intended only to help you understand the evidence and what each party claims the evidence shows.  Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury.  My responsibility is to conduct this trial in an orderly, fair and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law which applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case.  You -- and only you -- are the judges of the facts.  You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses.  You must consider and weigh the testimony of all witnesses who appear before you.  You alone must decide whether to believe any witness, and to what extent to believe any witness.

And remember, you must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations.  You will have to rely entirely on your memory [and your notes if you choose to take any.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law.  You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts.  If

you think that somehow I have expressed or even hinted at any opinion as to the facts in this

case, you should disregard it.  The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case.  That evidence

includes the sworn testimony of witnesses and exhibits.  If the evidence includes anything other

than testimony and exhibits, I will instruct you about these other types of evidence when they are

admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to

evidence that you remember differently, you should rely on your memory of the evidence during

your deliberations.

The lawyers in the case may object when the other side asks a question, makes an

argument, or offers evidence which that lawyer believes is not properly admissible.  You must

not be prejudiced against the lawyer who makes the objection or the party he or she represents.

Indeed, it is the lawyer's responsibility to object to evidence that he or she believes is not

properly admissible.

If I sustain an objection to a question asked by a lawyer, you should forget the question

because the question is not evidence.  You must not guess or speculate what the answer to the

question would have been.  If a question is asked and answered, and I then rule that the answer

should be stricken from the record, you must forget that both the question and the answer that

were stricken.  You should follow this same rule if any of the exhibits are stricken.

You must not be influenced by the nature of the charge in arriving at your verdict.  Your

responsibility is to decide this case solely on the evidence presented in the courtroom.  As a

result, you must not conduct any independent investigation of your own of the case -- like going

to visit the scene.

In addition, you should disregard any statements made about the case by anyone outside

the courtroom.  You must not talk about the case with the lawyers, the defendant, witnesses, or

anyone else connected with the case.  If you see someone involved in this case outside the

courtroom, other than a fellow juror, you should not speak with that person about anything.  If, at

any time during the trial, anyone tries to discuss the case with you or if you hear anyone talking

about the case, you should refuse to participate in or listen to the discussion.  If you speak with

someone involved in the case outside the courtroom while the trial is still going on, we may have

to stop the trial, pick a new jury and start all over again.  You must also completely disregard any

press coverage, including newspaper, television, or radio reports that you may read, see, or hear.

If you are exposed to any news reports inadvertently, you should immediately disregard them and

direct your attention elsewhere.

If you have heard any statements about the case, if anyone has tried to discuss the case

with you or if you have been exposed to press coverage about the case, you must tell me about it

immediately by informing the marshal or the courtroom clerk.  You should not tell any of your

fellow jurors or anyone else.  You should tell only me, the marshal, or the clerk.

You must not discuss this case with anyone until this case is submitted to you for your

decision at the end of my final instructions.  Until the case is submitted to you, you must not talk

about it with your fellow jurors.  You must not talk about the case to your friends or relatives, or

even your husband or wife, until it is over and you have completed your deliberations.

After I submit the case to you, you may discuss it only when I instruct you to do so, and

only in the jury room and only in the presence of all your fellow jurors.  It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

### 1.05        Cautionary Instruction Prior to First Recess

We are about to take our first break during the trial and it is important that you follow certain instructions whenever the court is in recess.

First, until I submit this case to you at the end of my final instructions, you must not discuss it with anyone -- not with the parties, witnesses, attorneys, or anyone else connected with the case.  You must not even discuss it with your fellow jurors, friends or family members.  To be fair to both the government and the defendant, you should keep an open mind throughout the trial.  You should reach your conclusion only during the final deliberations after all the evidence is in and you have heard the attorneys' closing arguments and my instructions to you on the law.

Second, do not permit any other person to discuss the case in your presence.  This applies to anyone, including members of your family, friends or relatives, courtroom spectators, witnesses, reporters, and parties to this case.  If anyone attempts to discuss the case with you, tell them not to talk to you.  If anyone attempts to discuss the case with you or you overhear any discussion of the case, you must report that fact to me as soon as you can.  However, you should not discuss with any of your fellow jurors the fact that someone tried to discuss the case with you or that you overheard a discussion, nor should you discuss with them any other fact that you feel necessary to bring to the court's attention.  If you need to advise me of such matters, please do so through the marshal or clerk.

Finally, although it is a natural human tendency to talk with people with whom you may be thrown into contact, you must not talk to any of the parties or their attorneys or any witness in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having a conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you inadvertently find yourself in a courthouse corridor, elevator, the cafeteria, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see an attorney or witness involved in the case and they turn and walk away from you, they are not being rude. They are merely trying to avoid any contact with you as I have instructed them.

### 1.04          Definitions

**A. Stipulation of Fact**

The government and the defendants may stipulate -- that is, agree -- to certain facts. Any stipulation of fact is undisputed evidence, and you may consider it proven.

**B. Stipulation of Testimony**

The government and th defendants may stipulate -- that is, agree -- to what testimony a particular witness would have given if he or she had testified in this case. You may consider stipulated testimony as exactly what this witness would have said had he or she testified.

**1.08          Expert Testimony**

Ordinarily, the rules of evidence do not permit witnesses to testify as to opinions or conclusions. But there is an exception to this rule for expert witnesses.  Experts are allowed to give opinions or conclusions because they have become expert in some art, science, profession or calling.  They may give their opinions or conclusions, and reasons for their opinions.  In this case, the court has permitted several witnesses to testify as an experts concerning the chemistry of drug and narcotics analysis and narcotics experts.  You are not bound by an expert's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. In other words, give the opinion the weight you think it deserves after you consider it along with all the other evidence.


**FINAL JURY INSTRUCTIONS**

Ladies and gentlemen of the jury, you are about to hear the closing arguments of counsel concerning the evidence in this case.  At this time, it is my duty and responsibility as the trial judge to give you instructions as to the law that applies to this case and to the evidence that has been presented.  It is your sworn duty to base your verdicts upon the law given in these instructions and upon the evidence that has been admitted in this trial.


**2.01          Instructions**

In the first part of my instructions, I will talk about how you should review the evidence in this case.  In the second part, I will tell you what the law is with respect to the specific offenses

charged in the indictment.  It is your duty to accept the law as I state it to you.  You should

consider all the instructions as a whole.  You may not ignore any instruction, or question the

wisdom of any rule of law.

### 2.02        Function of the Jury

Your function, as the jury, is to determine whether the government has proven the

charged offenses beyond a reasonable doubt from the facts you find.  You are the sole judges of

the facts.  You alone decide what weight to give the evidence presented during the trial.  You

decide the value of the evidence and the believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy or favoritism.  You

should not be improperly influenced by anyone's race, nationality, ethnic origin or gender.

Decide the case solely from a fair consideration of the evidence.

You must not take anything I may have said or done as indicating how I think you should

decide this case.  If you believe that I have expressed or indicated any opinion as to the facts, you

should ignore it.  It is your sole and exclusive duty to decide the verdict in this case.


### 2.03        Jury's Recollection Controls

If any reference by the court or the attorneys to evidence does not coincide with your own

recollection of the evidence, it is your recollection which should control during your

deliberations.


### 1.02        Note Taking By Jurors

During the trial, I have permitted those jurors who wanted to do so to take notes.  You

may take your notes with you to the jury room and use them during your deliberations if you

wish.  As I told you at the beginning of the trial, your notes are only to be an aid to your memory

and they should not replace your memory.  Those jurors who have not taken notes should rely on

their own memory of the evidence and should not be influenced by another juror's notes if the

notes do not coincide with your memory.  The notes are intended to be for the notetaker's own

personal use.

At the end of your deliberations, please tear out from your notebooks any notes you have

made and give them to your foreperson.  The clerk will collect your notebooks and pencils when

you return to the courtroom, and I will ask the foreperson to give the clerk your notes after your

verdict is announced.  The clerk will give the notes to me and I will destroy your notes

immediately after the trial.  No one, including myself, will look at them.

### 2.04        Evidence in the Case

During your deliberations, you may consider only the evidence properly admitted in this

trial.  The evidence in this case was the sworn testimony of the witnesses and the exhibits which

were admitted into evidence, regardless of who may have produced them.  Any stipulation of fact

is undisputed evidence, and you may consider it undisputed evidence.

When you consider the evidence, you are permitted to draw, from facts which you find

have been proven, such reasonable inferences as you feel are justified in the light of your

experience.

### 2.05        Statements of Counsel

The statements and arguments of the lawyers are not evidence.  They are only intended to

assist you in understanding the evidence.

### 1.07        Questions Not Evidence

Sometimes a lawyer's question suggests that something is a fact.  Whether or not something is a fact depends on the witness's answer, not the lawyer's question.  A lawyer's question is not evidence.

### 2.06        Indictment Not Evidence

The indictment is merely the formal way of accusing a person of a crime in order to bring him to trial.  You must not consider the indictment as evidence of any kind.  You may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

### 2.07        Inadmissible and Stricken Evidence

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence which the objecting lawyer believed was not proper.  You must not be prejudiced against the lawyer who made the objections.  It is the lawyers' responsibility to object to evidence which they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should disregard the question and you must not speculate as to what the answer would have been.

If, after a witness answered a lawyer's question, I ruled that the answer should be stricken, you should disregard both the question and the answer in your deliberations.

**2.08        Burden of Proof, Presumption of Innocence**

A defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt.

The burden is on the government to prove a defendant guilty beyond a reasonable doubt. This burden of proof never shifts throughout the trial.  The law does not require a defendant to prove his innocence or to produce any evidence.  If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him guilty.  On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

**Reasonable Doubt**

_____As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt.  Some of you may have served as jurors in civil cases, where you were told that it is necessary to prove only that a fact is more likely true than not true.  We call that a preponderance of the evidence.  In criminal cases, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  The government is not required to establish guilt beyond all doubt, or to a mathematical certainty or a scientific certainty.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of a crime charged, you must find him guilty.  If, on the other hand,

you think there is a real possibility that he is not guilty, you must give him the benefit of the
doubt and find him not guilty.

### 2.52        Multiple Counts – One Defendant

A separate offense is charged in each of the counts of the indictment which you are to
consider.  Each offense, and the evidence which applies to it, should be considered separately,
and you should return separate verdicts as to each count.  Except as I instruct you otherwise, the
fact that you may find the defendant guilty or not guilty on any one count of the indictment
should not control or influence your verdict with respect to any other count of the indictment.

### 2.10        Direct and Circumstantial Evidence

There are two types of evidence from which you may find the truth as to the facts of a
case -- direct evidence and circumstantial evidence.  When a witness, such as an eyewitness,
asserts actual knowledge of a fact, that witness's testimony is direct evidence.  A chain of facts
and circumstances indicating the guilt or innocence of a defendant is circumstantial evidence.
The law makes no distinction between the weight you should give to either kind of evidence, nor
does circumstantial evidence require a greater degree of certainty than direct evidence does.  In
reaching a verdict in this case, you should weigh all of the evidence presented, both direct and
circumstantial.

### 2.13        Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses

testifying for each side.  Rather, you should consider all the facts and circumstances in evidence

to determine which of the witnesses you believe.  A jury may find that the testimony of a smaller

number of witnesses on one side is more believable than the testimony of a greater number of

witnesses on the other side.

### 2.14        Nature of the Charges Not To Be Considered

One of the questions you were asked when we were selecting this jury was whether the

nature of the charges would affect your ability to render a fair and impartial verdict.  There was a

reason for that question.  You must not allow the nature of the charges themselves to affect your

verdict.  You must consider only the evidence that has been presented in this case in rendering a

fair and impartial verdict.

### 2.11        Credibility of Witnesses

In determining whether the government has established the charges against the defendant

beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who

have appeared before you.

You are the sole judges of the credibility of the witnesses.  In other words, you alone are

to determine whether to believe any witness and the extent to which any witness should be

believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter

that may have a bearing on the subject.  You may consider the demeanor and the behavior of the

witness on the witness stand; the witness's manner of testifying; whether the witness impresses

you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent misrecollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Witnesses Who Conferred With Counsel**

You have heard testimony about witnesses conferring with counsel in advance of the witnesses' testimony. You are instructed that it is lawful and proper -- and, indeed, to be expected -- that the attorney who proposes to call a witness will confer with the witness before trial. The purpose of such a conference is to enable counsel to ascertain what the witness knows of his or her own personal knowledge and the extent to which the witness's testimony will be admissible in evidence. The purpose is also to alert the witness as to what the witness will be asked to enable him or her to focus his or her recollections.

**1.10 - 1.11   Evaluation of Prior Consistent and Inconsistent Statements**

The testimony of witnesses may be discredited or impeached by showing that they have previously made statements which are inconsistent with their present courtroom testimony. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's in-court testimony here. If a witness at trial has been confronted with a prior statement which that witness made, and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony the witness gave in court. You may not consider the earlier statement as proof that what was said in the earlier statement was true, unless the statement was made under oath, subject to penalty of perjury. If the earlier statement was made under oath, subject to penalty of perjury, you may consider this earlier statement also as proof that what was said in the earlier statement was true. If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that

you judge it is fairly entitled to receive.

The testimony of a witness may be rehabilitated or supported by showing that the witness has previously made statements that are consistent with his present testimony.  The prior statements are admitted into evidence both for your consideration in evaluating the credibility of the witness and as evidence in this case.  If you find the prior statements to be consistent, you may consider such statements both in evaluating the credence to be given the witness's present testimony in court and as evidence in this case.

**2.26        Law Enforcement Officer's Testimony**

A law enforcement officer's testimony should be considered by you just as any other evidence in the case.  In evaluating the officer's credibility, you should use the same guidelines which you apply to the testimony of any ordinary witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement officer.

**1.08        Expert Testimony**

Ordinarily, the rules of evidence do not permit witnesses to testify as to opinions or conclusions.  But there is an exception to this rule for expert witnesses.  Experts are allowed to give opinions or conclusions because they have become expert in some art, science, profession or calling.  They may give their opinions or conclusions, and reasons for their opinions.

In this case, the court has permitted various witnesses to testify as an experts concerning drug chemistries, and Andrew Sites to testify as an expert in the development and comparison of

latent fingerprints.  If you find that an opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion.  In other words, give the opinion the weight you think it deserves after you consider it along with all the other evidence.

### 1.12    Impeachment By Proof of Conviction of a Crime – Witness

The testimony of a witness may be discredited or impeached by showing that he or she has been convicted of a crime.  A witness's prior criminal conviction is admitted into evidence solely for your consideration in evaluating his or her credibility as a witness.  You may consider the prior conviction only in evaluating the credibility of that witness's testimony in this case.

### New 2.27    Defendant's Exercise of Right to Remain Silent

Every defendant in a criminal case has an absolute right not to testify.  Defendant Tyrone West has chosen to exercise his right to remain silent.  You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision, and I, therefore, instruct you not to do so.  Most importantly, you must not draw any inference of guilt from the defendant's decision not to testify.

### 2.28    Defendant as Witness

The defendant has a right to become a witness in his own behalf.  His testimony should not be disbelieved merely because he is the defendant.  In weighing his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial.  As with

the testimony of any other witness, you should give the defendant's testimony such weight as in your judgment it is fairly entitled to receive.

I will now instruct you regarding the particular elements of the crimes charged in the indictment.

### 37.13 DB   "Knowingly" Defined

I remind you that a person acts "knowingly," as the term is used in these instructions, if that person acts consciously and with awareness and comprehension and not because of ignorance, mistake, or misunderstanding or other similar reason.

### 3.02        Proof of State of Mind

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of directly looking into the workings of the human mind. But you may infer a defendant's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by a defendant, and all other facts and circumstances received in evidence which indicate a defendant's intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

**3.07          "On or About" -- Proof Of**

You will note that the indictment charges that the offenses were committed "on or about" certain dates. The proof need not establish with certainty the exact dates of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged.

**CLOSING REMARKS**

**2.71          Election of Foreperson**

When you return to the jury room, you should first select one of your members to be the foreperson. The foreperson should preside over your deliberations and will be your spokesperson here in court. There are no specific rules regarding how you select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission: to reach a fair and just verdict based on the evidence. Consider whether you wish to select a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**2.72          Unanimity**

The verdicts must represent the considered judgment of each juror. In order to return verdicts, each juror must agree to the verdicts. Your verdicts must be unanimous.

**2.75        Communications Between the Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me by any means other than a signed note and I will never communicate with any member of the jury on any matter touching the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person -- not the clerk, the marshal or me -- how the jury stands on the question of the defendant's guilt or innocence until after you have reached a unanimous verdict.  This means, for example, that you never should state to the court that the jury is divided 6 to 6, 7 to 5, 11 to 1, or in any other fashion, whether for conviction or acquittal.

**2.76        Furnishing the Jury With a Copy of the Instructions**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want to, refer to these instructions.  While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others.  The fact that you have been provided a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary. Please return the instructions to me when your verdict is rendered.

**2.73        Exhibits During Deliberations**

I am not sending the exhibits that have been admitted into evidence with you as you start

your deliberations.  However, you are entitled to see any or all of these exhibits as you deliberate. I suggest that you begin your deliberations and then, if it would be helpful to you, you may ask for any or all of the exhibits which have been admitted into evidence simply by sending me a note from your foreperson through one of the marshals.

### 2.74        Possible Punishment Not Relevant

The question of possible punishment of the defendant in the event of conviction is no concern of yours and should not enter into or influence your deliberations in any way.  You should weigh the evidence in the case and determine the guilt or innocence of the defendant solely upon the basis of such evidence, without any consideration of the matter of punishment.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No.  07-1215 (TFH)** |
| **v.** | : | |
| | : | |
| **TYRONE ANTHONY WEST,** | : | |
| | : | **Trial Date: November 6, 2007** |
| **Defendant.** | : | |

# <u>VERDICT FORM</u>

**WE, THE JURY, WITH RESPECT TO <u>TYRONE ANTHONY WEST</u>**

**UNANIMOUSLY FIND AS FOLLOWS:**

### <u>COUNT ONE</u>

Unlawful Possession With Intent to Distribute Five Grams or More of Cocaine Base, also

known as crack cocaine, on March 2, 2007.

**Guilty:_____**          **Not Guilty:_____**

### <u>COUNT TWO</u>

Unlawful Possession With Intent to Distribute One Hundred Grams or More of

Phencyclidine, also known as PCP, on March 2, 2007.

**Guilty:_____**          **Not Guilty:_____**

## <u>COUNT THREE</u>

Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, that is,

Counts One and Two, on March 2, 2007.

**Guilty:**_____          **Not Guilty:**_____


_____

FOREPERSON


_____

DATE

WHEREFORE, it is respectfully requested that this pleading be made part of the record.

Respectfully submitted,

JEFFERY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 498-610


By:     _____/S/_____
EDWARD A. O'CONNELL
Assistant United States Attorney
D.C. Bar No. 460-233
Organized Crime and Narcotics Trafficking Section
555 Fourth Street NW
Room 4122
Washington, DC 20530
(202) 514-6997
(Fax) (202) 514-8707
Edward.O'Connell@usdoj.gov