IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | : |
| | : |
| v. | :      07-cr-121 (TFH) |
| | : |
| **TYRONE WEST** | : |

DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS, STATEMENT OF CASE,
and JURY INSTRUCTIONS

STATEMENT OF CASE

On March 2, 2007, police searched apartment T2, 106 Galveston Street, SW, pursuant to a warrant. At the time, no one was in the apartment. From the apartment, police seized among other things, crack cocaine, liquid PCP, and two loaded firearms. The government has charged Tyrone West with possessing these items, and will attempt to establish that Mr. West is guilty beyond a reasonable doubt. Mr. West maintains his innocence of these charges.

PROPOSED VOIR DIRE

Tyrone West, through undersigned counsel, respectfully requests that the following questions be asked of prospective jurors in order that counsel may obtain the information necessary to intelligently exercise challenges for cause and peremptory challenges.

KNOWLEDGE OF PARTIES

1. Is any juror related to or acquainted with any Assistant United State's Attorney or any present or former employee of the United State's Attorney's Office?

2. Does any juror know personally any of the personnel employed in this courtroom or employed by this Courthouse in any capacity?

3. Have any of you formed special opinions concerning defense attorneys, prosecutors or accused persons that would affect you in deciding this case?

## PRESUMPTION OF INNOCENCE AND REASONABLE DOUBT

1. Do any of you have any hesitation in following the requirement of the law that Mr. West is now presumed innocent and must be found innocent unless the government proves that he is guilty beyond a reasonable doubt?

2. Even though Mr. West has been arrested in this case, he is presumed innocent unless the government proves him guilty beyond a reasonable doubt. Does the fact that Mr. West has been arrested make it difficult for any of you to presume now that he is innocent?

3. Do you understand that it is neither Mr. West's nor his attorney's responsibility to prove Mr. West innocent?

4. Because Mr. West is presumed innocent, he need not testify, nor offer any evidence. Would you view his and his attorney's decision not to put on a defense as evidence of guilt?

5. Is there any juror who feels that a defendant should have to prove anything?

6. If the prosecution fails in its burden of proving each element of an offense beyond any reasonable doubt, is there any juror who would not find the defendant <u>not</u> guilty of that offense?

## COOPERATING WITNESS ISSUES

A. It is possible that the government may call as a witness in this case a person who is either charged with or convicted of (a) crime(s) himself, and either hopes to receive, or has already received, some benefit in exchange for his testimony in this case. Would the fact that a witness may stand to gain from testifying against Mr. West lead you to discredit that witness?

## KNOWLEDGE OF THE LAW

1. Have any of you worked for a law firm?

## LAW ENFORCEMENT

1. Are you personally, or are you related by blood or marriage, or is any member of your household or close friend, any of the following:

    a. A present or former employee of any Court system?

    b. A present or former investigator of any kind, including military; insurance company; C.I.A.; fire department; private detective; etc.?

2. Do any of you know anyone who has acted as an undercover informant for any State or Federal Prosecutor's Office or any police agency?

3. Has any juror had any experience with a lawyer, either favorable or unfavorable, that might affect your impartiality in this case?

4. Has any juror had any experience with a police officer or prosecutor, in Washington D.C. or otherwise, which might cause you to have any preconceived feeling about one side or the other in this case?

5. Is there anyone who, because of the reported crime situation in D.C., thinks that his or her own fears or feelings would make it difficult to consider the evidence surrounding a criminal charge?

## ORGANIZATIONAL ACTIVITY:

A. Do you belong to or support any group or organization that has a purpose lobbying for more severe criminal penalties or tougher treatment of those convicted of crimes?

B. Do you belong to or support any neighborhood crime watch organization, such as the "orange hat" patrol?

If so, please come forward and give details.

## JURY EXPERIENCE

A. Have any of you ever served on a jury with another prospective juror in today's panel?

B. Have any of you ever spoken with a court reporter, a deputy U.S. Marshal, a prosecutor, a defense attorney, or other court official after a criminal trial? If so, please stand and come to the bench to answer in private.

## CHARGES

A. Do you belong to or support any group that works and/or lobbies either for or against gun control?

B. Do you belong to or support any Neighborhood Crime Watch Group or Organization, such as the Orange Hat Patrols?

C. Do you belong to or support any of the following groups or similar organizations?

   1. Fraternal Order of Police;

   2. National Rifle Association;

D. Do any of you have such strong feelings about the possession with intent to distribute narcotics in Washington, D.C. that it would be difficult for you to impartially weigh the evidence in this case?

E. Have you or any of your household members or close friends and relatives, ever suffered from a drug addiction? If so, would your or their experience make id difficult to render a fair and impartial verdict based solely upon the evidence presented during the trial?

F. Do you have an opinion or feeling about Federal or local drug laws that would make it difficult to render a fair and impartial verdict based solely upon the evidence presented during the trial?

G. Are you or any of your household members or close friends and relatives a member of any group that advocates wither for or against the legalization of drugs?

H. Do any of you have such strong feelings about the possession of guns in Washington, D.C. that it would be difficult for you to impartially weigh the evidence in this case?

I. Do you have an opinion or felling about Federal or local gun laws that would make it difficult to render a fair and impartial verdict based solely upon the evidence presented during trial?

## INDIVIDUAL JUDGMENT

1. Does any juror have any opinion, creed or belief that would interfere with your ability to judge the conduct of the defendant and return a fair and impartial verdict based only upon the evidence?

2. Does any juror at this time have any feelings about the ultimate outcome of this case, other than indifference or neutrality?

3. Does any juror know of any matter whatsoever that might interfere with your ability to arrive at a fair and impartial verdict as a juror in this case?

4. If you are chosen as a juror, will you stand by your own opinion based on the evidence that comes in at trial and give both Mr. West and the prosecutor the benefit of your individual judgment?

5. If, after listening to the arguments of your fellow jurors, when you retire to consider the case, you do have a reasonable doubt about Mr. West' guilt, would you have any hesitation in maintaining your position or making your views known even if you were the only juror to have that doubt?

6.	Is your impartiality such that you would be satisfied to have a jury composed of people like yourself judge the evidence if you or a loved one were on trial here today?

## CONCLUSION

Finally, is there anything you have heard so far, or is there any other reason at all, why you would feel uncomfortable sitting on this case or why you would prefer to be excused?

## PROPOSED JURY INSTRUCTIONS

Subject to modification as appropriate after presentation of all of the evidence, Tyrone West, through undersigned counsel, preliminarily respectfully requests that the jury be instructed as follows:

NOTE:	Counsel requests that 2.08 & 2.09 be given either at the beginning, or at the end, of all instructions.

2.08	Burden of proof – Presumption of innocence
2.09	Reasonable doubt
	NOTE:	The defense objects to any proposed deviation from the Red book instruction, and requests that the jury be given the standard Red book instruction.

1.10	Evaluation of Prior Inconsistent Statement of a Witness (if applicable)
2.01	Function of the Court
2.02	Function of the jury
2.03	Jury's recollection controls
2.06	Indictment not evidence
2.11	Credibility of witnesses
2.13	Number of witnesses
2.14	Nature of charges not to be considered
2.26	Police officer's testimony
2.27	Right of Defendant not to Testify (if applicable)
2.51	Other crimes evidence (if applicable)
3.01	Intent
3.03	Knowingly
3.08	Possession

**Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense**

Mr. West is charged with Using, Carrying, and Possession a Firearm During a Drug Trafficking Offense. The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant carried, used, or possessed a firearm; and
2. That he carried or used the firearm during and in relation to the drug trafficking offense charged in Count Two of the indictment or possessed the firearm in furtherance of a drug trafficking offense.

The term "firearm" includes any weapon which will or is designed to or can be readily converted to expel a projectile by the action of an explosive. The government need not prove that the firearm was loaded or operable. Unloaded and inoperable firearms can be a basis for a violation of this section if the other elements of the offense are met.

The phrase "in furtherance of" means the act of furthering, helping, forward, promotion, advancement, or progress. To show that a defendant possessed the firearm "in furtherance" of a drug trafficking offense, the Government must show that the firearm was possessed to advance or promote the commission of the underlying offense. The mere presence of a firearm in the area where a criminal act occurs does not demonstrate that the firearm is possessed "in furtherance" of a drug trafficking crime. Rather, the government must prove, through direct or circumstantial evidence, that the firearm was possessed to advance or promote the criminal activity.

The following factors have been found to be helpful in determining whether a particular defendant's possession furthers, advances, or helps forward drug trafficking offense. These include: (1) the type of drug activity conducted; (2) accessibility of the firearm; (3) the type of firearm; (4) whether the possession of the firearm is legal or illegal; (5) whether or not the firearm is stolen; (6) whether the firearm is loaded; (7) the proximity of the firearm to the drugs or drug profits; and (8) the time and circumstances under which the firearm is found.

A person carries a firearm and ammunition when they are on his person or if it was conveniently accessible to the defendant and within his reach. Mere presence near a firearm and ammunition or mere knowledge of its location are not enough to show that the defendant carried it. The defendant must have the power and intent to exercise direct control over the firearm.

Firearms actually need not be brandished in order to be used or carried in connection with a drug-trafficking offense. Although the mere presence of a gun near the commission of a felony may not be sufficient to show that the gun was carried in relation to that felony, when guns are present in order to protect contraband they may be deemed to be used in relation in the underlying felony. However, the government must prove beyond a reasonable doubt the gun in fact was present to protect contraband.

5.06   Identification

5.01   Defense Theory instruction

Counsel reserves the right to request other instructions as they may later become appropriate.

                                        Respectfully submitted,


                                        _____/s/_____
                                        Nikki Lotze
                                        Counsel for Tyrone West

                                        Roberts & Wood
                                        6801 Kenilworth Avenue
                                        Suite 202
                                        Riverdale, MD 20737
                                        (301) 699-0764


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Proposed Voir Dire Questions has been served by facsimile on AUSA Edward O'Connell, Office of the United States Attorney, 555 Fourth Street, NW, Washington, D.C. 20530.

This _____ day of _____, 2007.


                                        _____/s/_____
                                        Nikki Lotze