FILED

'· 5   2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 07-121 (TFH) |
| v. | : | Plea Hearing Date: November 5, 2007 |
| TYRONE A. WEST,<br>　　　　Defendant. | : | |

## GOVERNMENT'S PROFFER OF EVIDENCE

If this case were to go to trial, the government's evidence would show beyond a reasonable doubt that:

1.　On March 2, 2007, law enforcement officials applied for a Superior Court search warrant for 106 Galveston Street SW, Apartment T-2, Washington, DC. The warrant was issued by District of Columbia Superior Court Judge Richard Wertheim. That same day, at 3:10 pm, the search warrant was executed on that apartment. Since December of 2004, that apartment has been leased to the defendant, Tyrone A. West, as the sole occupant.

2.　No one was present in the apartment when the warrant was executed. However, it was apparent to the officers and agents executing the warrant that the apartment was only occupied by one person, and that the occupant was the defendant. All of the clothes appeared to be men's clothes and, with few exceptions, all of the paperwork in the apartment was in the name of the defendant, Tyrone West. The defendant's apartment is a one bedroom, one bathroom unit with the bathroom inside of the bedroom.

3.　Recovered during the execution of the search warrant was a total of 27.3 grams of crack cocaine, all in the top drawer of a bedroom dresser. Several bottles of PCP were found, some in a drawer of the same dresser, some in the bedroom closet and some in the vanity of the bathroom inside the bedroom. The PCP recovered from the defendant's apartment totaled 396.3 grams. Both the crack cocaine and the PCP were submitted to the DEA where chemical analyses confirmed that the substances were crack cocaine and PCP. Also recovered from the search of the apartment were two loaded pistols, a .357 Magnum in the same dresser as the crack cocaine, and a Tech 9, 9mm pistol in a shoe box in the closet with some of the PCP.

4.　Also recovered was $6,320 in currency, paperwork and photographs identifying the defendant, Tyrone West, and an assortment of drug paraphernalia such as numerous small ziplock bags in which crack cocaine is typically packaged for sale, numerous small glass bottles in which

PCP is typically packaged for sale, measuring cups and funnels, baking soda, razor blades with residue, rubber gloves, a digital scale which is typically used to measure out saleable doses of crack cocaine, and an eye dropper which is typically used to measure saleable doses of PCP. All of the money and most of the paraphernalia was recovered either in the bedroom dressers, the bedroom closet, or in the bathroom inside of the bedroom.

5.   The defendant acknowledges that, as the occupant of 106 Galveston Street SW, Apartment T-2, Washington, DC on March 2, 2007, he possessed the crack cocaine and PCP, and that he did so with the intent to distribute those drugs. Moreover, the defendant also possessed the two firearms in relation to, and in furtherance of his possession with intent to distribute those drugs.

The foregoing proffer of evidence is not intended to be an exhaustive statement of all facts known by the defendant relating to each incident or as to other matters relevant to the above-described events. The foregoing proffer of evidence is only a limited statement of facts necessary to support the defendant's plea of guilty.

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 489-610

BY: *[signature: Edw A O'Connell]*
EDWARD A. O'CONNELL
Assistant United States Attorney
D.C. Bar No. 460-233
Organized Crime and Narcotics Trafficking Section
555 Fourth Street NW, Room 4122
Washington, DC 20530
(202) 514-6997

## DEFENDANT'S ACCEPTANCE

I have read the Government's Proffer of Evidence setting forth the facts as to my possession with intent to distribute five grams or more of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii). I have discussed this proffer fully with my attorney, Nikki Lotze, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 11-5-07

_____
TYRONE A. WEST
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read the government's proffer of evidence as to my client's possession with intent to distribute five grams or more of cocaine base. I have reviewed the entire proffer with my client and have discussed it with him fully. I acknowledge my client's agreement with and acceptance of this proffer.

Date: 11/5/07

_____
NIKKI LOTZE
Counsel for Defendant Tyrone A. West